## D'AQUILLA et al.

v.

## PRYOR et al.

United States District Court,
S. D. New York.

June 29, 1954.

Murray Zazeela, New York City, for plaintiffs.

Mendes & Mount, New York City, for defendants.

NOONAN, District Judge.

The above-entitled action was brought by and in behalf of certain victims of an accident which occurred when a rented airplane crashed in front of the home of the victims. The pilot and his passenger were killed in the crash, and their estates are named as defendants in the complaint together with the owner of the airplane, but there is no proof that the estates were ever served.

From all of the evidence, it seems clear that the deceased pilot, Brown, had rented the plane from the defendant Pryor on a simple rental basis, rather than as part of his student training. He was duly licensed as a pilot, and had even been "checked out" for that plane by Pryor a few days before the accident. There is no real evidence to indicate that Brown rented the plane as a student and as part of his course of training.

All of the evidence indicates that the plane was airworthy; it was certified by an authorized government inspector to be in compliance with all government safety regulations. That it might have had additional safety equipment is not material, since it was not required by government regulations.

The law of this state does not impose any absolute liability on airplane owners, as it does on automobile owners by statute. There being no statutory change in the common law rule in this respect, the common law is still in effect in this state.

The case of Munch and Romeo v. Caton, 1937 U.S. Aviation Reports 57, 96 N.Y.L.J. 876, holding that the New York law imposing "absolute liability" on owners of motor vehicles does not apply to airplanes, nor is there any other New York law that does, contains the following statement:

"Consequently, the common law governs, by which it was well settled in this state that the owner of a vehicle could not be held liable for the negligence of its operator, unless

at the time it was being used in the owner's business by the operator within the scope of his employment."

There is no evidence that the Connecticut common law differs from the New York common law in this respect, and there is apparently no "absolute liability" statute in Connecticut, which would apply to airplanes. The Uniform Aeronautics Act has not been adopted by either New York or Connecticut.

Certainly defendant, Pryor, was not negligent in renting an airworthy ship to a duly licensed pilot.

■ Regardless of whether or not it might be beneficial to the people of the states of Connecticut and/or New York, the law in neither of these states classifies aviation as an ultra-hazardous activity.

■ It cannot be held that the owner of the plane is liable for the negligence of an independent pilot. Certainly the doctrine of res ipsa loquitur cannot be applied against defendant, Pryor.

In view of all of the above, this court concludes that there is no liability on the part of defendant, Pryor. Since the other defendants were never brought within the jurisdiction of this court, it would be academic to dismiss the question of their possible liability. Certainly, no proof of any such liability was adduced at the trial.

The court, accordingly, makes the following findings of fact and conclusions of law:

## Findings of Fact

1. On September 18, 1948, and at all times subsequent thereto all the plaintiffs were residents of the State of Connecticut.

2. On September 18, 1948, and at all times subsequent thereto the defendant, Jack Pryor (herein called "Pryor") was a resident of the State of New York.

3. The defendants, the Administrator of the Estate of Stephen E. Hyde and the Administrator of the Estate of Edward S. Brown were never served in this action, and this action was severed as to them.

4. On September 18, 1948 the defendant, Pryor, was engaged in the business of operating an airport and an air flying school in the City of Hornell, State of New York.

5. The defendant, Pryor, rented Vultee BT–13 airplane, C.A.A. registration NC 60245, at Hornell, New York, at the rate of $20 per hour to pilot Edward S. Brown for a flight on September 18, 1948, during which flight an accident occurred when the plane crashed at Groton, Connecticut.

6. At the time of the crash, the involved flight was a personal one of the pilot and was not part of any advanced commercial pilot instruction program or course of defendant, Pryor, and was not paid for by the United States Government under the G. I. Bill of Rights, 38 U.S.C.A. § 693 et seq.

7. The pilot was duly licensed by the United States Government as a private pilot and at the time of the accident held private pilot certificate No. 512138 with a single engine land plane rating secured after a course at a flying school as to which defendant, Pryor, had no connection.

8. The pilot was "checked out" by defendant, Pryor, before the involved flight and the pilot was found by Pryor to be fully qualified and licensed to operate the plane.

9. The plane had the required United States Government annual and one hundred hour inspections and had a current airworthiness certificate issued by a United States Government designated aircraft maintenance inspector.

10. The plane did not lack any equipment required by Section 43.30 of the Civil Air Regulations of the United States Government.

11. The Vultee plane had radio equipment upon which the pilot could receive weather signals from surrounding weather airfield stations, when in flight.

12. The defendant, Pryor, made a pre-flight inspection of the craft and

found the plane to be completely in order just before the involved flight.

13. On the morning of September 18, 1948, after entering the plane, Brown flew the plane to Providence, Rhode Island.

14. On the return flight from Providence, Rhode Island, the Vultee plane landed briefly at Groton, Connecticut airport, and then took off again in the face of storm warnings.

15. Shortly after the takeoff, the Vultee plane crashed in the front yard of plaintiff's home in Groton, Connecticut.

16. When the Vultee plane crashed, the high octane gas which the Vultee plane was carrying as fuel exploded.

17. When the Vultee plane crashed, Brown and the said Stephen E. Hyde were killed.

18. All of the multiple damages suffered by the defendants were attributable to the plane crash.

19. The cause of the apparent stalling of the plane at the time of the accident is not known, but was not due to any negligence or defect in the plane attributable to defendant Pryor.

### Conclusions of Law

 1. The plane was operated at the time of the accident by pilot Edward S. Brown pursuant to a bailment and the defendant plane owner, Pryor, did not operate or control the craft.

2. The pilot was duly licensed and qualified for the involved flight.

3. The plane at the time of the rental was airworthy and properly maintained, inspected, tested and equipped in all respects.

4. No negligence was proven on the part of the pilot in the operation of the plane.

5. The law of neither the State of New York, nor the State of Connecticut imposes any absolute liability on the part of the defendant plane owner, Pryor, for any possible negligent operation of the bailed plane by the pilot, Edward S. Brown.

6. The defendant, Pryor, is not liable to the plaintiffs for the involved accident and the motion for a judgment on behalf of defendant, Pryor, is granted.