JERRY LAMASTERS, appellant, v. JACK A. SNODGRASS, appellee.

No. 49228.

(Reported in 85 N.W.2d 622)

OCTOBER 15, 1957.

Lundy, Butler & Lundy and Donald C. Wilson, all of Eldora, and Pike, Sias, Butler & Hoxie, of Waterloo, for appellant.

Kennedy, Kepford, Kelsen & Balch, of Waterloo, for appellee.

LARSON, J.—The sole question presented by this appeal is whether an owner who authorizes another to fly his airplane is liable for the negligence of the pilot. Defendant attacked plaintiff's petition as failing to state a cause of action, and the trial court sustained his motion to dismiss. Plaintiff appeals.

Plaintiff's petition alleged defendant "was the owner and operator of an Aeronca airplane all within the meaning of section 328.1 of the 1954 Code of Iowa", and that "he caused and authorized the flight operation of said airplane by one Joseph E. Wynn * * *. That on said day the plaintiff was a passenger in said airplane then being flown and exclusively controlled by the said Joseph E. Wynn * * *", who "flew said airplane at an altitude of about 100 feet above the ground, circling and flying near the

farmhouse, farm buildings and grove of the said Lee farm until he crashed said airplane to the ground." Plaintiff sustained serious personal injuries for which he seeks recovery. Allegations as to the manner of negligence were set forth and plaintiff alleged freedom from contributory negligence. An amendment stated, "That the said Joseph E. Wynn was at all times material hereto a student enrolled in and engaged in flight training in a flight school owned, operated and controlled by the defendant Snodgrass."

Defendant's motion to dismiss set forth: "That the petition * * * wholly fails to state a cause of action against the defendant for the reason that it alleges only 'He caused and authorized the flight operation of said airplane by one Joseph E. Wynn, * * *', and fails to allege or claim that the said Joseph E. Wynn acted as agent or employee for the defendant * * * within the scope or apparent scope of his agency or employment, if any. * * * That the definition of operation of aircraft appearing in sub-section 14 of section 328.1 of the 1954 Code of Iowa does not apply in the instant case and imposes no civil liability on defendant Snodgrass. * * * That there is no statutory or decided case law within the State of Iowa which makes the owner of an airplane responsible for damage caused by the negligence of the pilot even though said airplane is owned or is used with the owner's knowledge and consent. That by the terms 'caused or authorized' it is not established whether or not the airplane on the occasion in question was used gratis or was hired or chartered. * * * That no provision of the laws of the State of Iowa and no decided cases make the owner of an airplane the insurer of the safety of a passenger therein, whether said airplane is rented for hire, or is used without charge and with the consent and knowledge of the owner."

While the trial court merely ruled "That Motion to Dismiss, as amended, should be and the same is hereby sustained", it is clear the court found chapter 328 by its terms did not impose such liability upon the owner, and this is the substance of the ruling which we shall consider in this appeal.

I. It is true, as defendant contends, that under the common law no civil liability is incurred by an owner who, without negligence on his part, permits the use of his airplane

by another, unless there is an agency relationship alleged and established or by the application of the rule of respondeat superior. This rule is well stated in Annotation, 4 A. L. R.2d 1306, 1307, which says, "In other words * * * [the cases] hold that an owner can be held liable to a third person for the negligence of the operator of his plane only if a statute imposes such liability, or by an application of the rule of respondeat superior. Since this rule applies only to the fields of master and servant or principal and agent, it excuses an owner from liability in cases of ·bailment." D'Aquilla v. Pryor, 1954, D. C. N. Y., 122 F. Supp. 346.

II. Our attention then is directed to chapter 328 of the 1954 Code of Iowa and specifically to subsection 14 of· section .328.1 and to section 328.41. Subsection 14 of section 328.1 provides:

" 'Operation of aircraft' or 'operate aircraft' means the use of aircraft for the purpose of air navigation, and includes the navigation or piloting of aircraft and shall embrace any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise)."

. This section of the Code has been the same since the enactment of what is now chapter 328 of the 1954 Code by the Fifty-first General Assembly· in 1945 and was enacted as subsection 14 of section 1 (definitions) of chapter 148, Acts of the Fifty-first General Assembly. It was obviously taken from the federal law known as section 401(26) U. S. C. A., Title 49, and though there is a slight change in the wording, nothing indicates a change of .meaning and we think there was none. Title 49, section 401(26), U. S. C. A., provides:

" 'Operation of aircraft' or 'operate aircraft' means the use of aircraft, for the purpose of air navigation and includes the navigation of aircraft.· Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of this chapter."

There being no substantial difference in meaning of these like sections, and there being no Iowa judicial interpretation or

construction of the section, we turn to other jurisdictions to see what if any consideration has been given such a law. Indirectly at least, it has received congressional or legislative consideration, for from the explanation of the House Committee in recommending passage of an amendment to the federal law (see report in U. S. Code Congressional Service 1948, 80th Congress, Second Session, page 1836; House Report, No. 2091, 80th Congress, Second Session) such amendment was deemed necessary in order to exempt from civil liability security holders who have no control over the operation of the aircraft. The explanation concludes, "This bill would remove this doubt by providing clearly that such persons have no liability under such circumstances.'" See 49 U. S. C. A., section 524.

But this section, which was also copied by several other states in their aeronautic acts, has received judicial consideration. In Hoebee v. Howe, 98 N. H. 168, 170, 97 A.2d 223, 225, the court in discussing the question of owner liability said:

"The first question which we shall consider is whether the Court's ruling is correct that certain state and federal statutes are a basis for liability of the defendant, Skyhaven, Inc. At the outset it should be noted that the effect of either the federal or state statute, if applicable at all, would be substantially the same applied to an intrastate flight such as was being made here. Both the Federal Civil Aeronautics Act of 1938, Tit. 49 U. S. C. A., §§401–705, and the New Hampshire Aeronautics Act passed in 1941, * * * which was evidently copied from the federal act, contain identical definitive provisions as to who are deemed operators of aircraft. So far as material, the provisions are as follows: 'Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of this chapter.' R. L. c. 306, §3, par. XXII; 49 U. S. C. A., supra, §401, par. (26). Both acts also contain substantially the same language relative to liability, that 'It shall be unlawful—For any person to operate or authorize the operation of aircraft in violation of any other rule or regulation' issued under the authority of the act. C. 306, §26, par. VII, supra; see also, §560(a), 49 U. S. C. A., supra.

"At the time of the accident our State Aeronautics Commission and the Federal Aeronautics Board had issued identical air traffic rules forbidding any person to 'operate an aircraft in a careless or reckless manner so as to endanger the life or property of others.' * *·* [In Iowa such operation is forbidden by Statute 328.41, Code, 1954.] Each act forbids the violation of any rule or regulation issued under the other. * * * *It seems to us from reading our act that the intent of our Legislature is clearly to place responsibility on the owner, even though he be without control, for the conduct of one to whom he entrusts the plane. The language is unequivocal and without qualification expressed or reasonably to be implied.* * * * Accordingly we hold * * * causal violation of the state or federal statutes or any rules or regulations * * * by the pilot" would make the owner liable. (Emphasis supplied.)

In Hays v. Morgan, 5 Cir., 221 F.2d 481, in holding the owner liable, the court said at page 482:

"Section 7536–26(9) and (10), of the Mississippi Code, as amended, is as follows: * * * 'Operation of aircraft' or 'operate aircraft' means the use of aircraft for the purpose of air navigation, and includes the navigation or piloting of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of the statutes of this state. * * *

"It is the evident intent of the statute to protect the public from the negligence and financial irresponsibility of pilots. It does not say that one on the ground must assume the risk of being hit by an airplane, but that the owner who authorizes the use of his airplane shall be deemed to be engaged in the operation thereof within the meaning of the statutes of Mississippi. * * * See also 49 U. S. C. A. §401(26), from which said Section 7536–26(9) was copied.

"Sec..7536–12 of said Code of Mississippi makes it unlawful for any person to operate an aircraft in the air or on the ground or water, in a careless or reckless manner, so as to endanger the life or property of another; and the court in determin-

ing whether the operation was careless or reckless must consider also the standards of safe operation prescribed by federal statutes or regulations governing aeronautics. The primary standard for airplanes prescribed by federal statutes is careful operation so as not to endanger the life or property of another, which standard was found by the court below to have been violated by the pilot in this case.

"*  *  * Appellants cite 49 U. S. C. A. §524, which exempts mortgagees, security holders, and lessors under a bona fide lease of thirty days or more, but their arrangement with these pilots does not bring them within the exemption of the act, which shows a federal legislative intention to hold the owner liable as an operator, and to relieve lienors and lessors only under conditions that are not present here."

We are in agreement with the reasoning and conclusion of both the New Hampshire court and the Circuit Court of Appeals, 5th Cir., in Mississippi.

III.    While the cited cases rely somewhat on the breach of commission rules and regulations for a violation of due care by a pilot, our legislature in 1947 enacted what is known as section 328.41, Code, 1954, which provides in part:

"It shall be unlawful for any person to operate an aircraft in the air space above this state or on the ground or water within this state * * * in a careless or reckless manner so as to endanger the life or property of another. * * *."

This provision appeared in our law as section 1 of chapter 181 of the Laws of the Fifty-second General Assembly, effective July 4, 1947. Later in chapter 150, Laws of the Fifty-third General Assembly, effective July 4, 1949, section 2 of chapter 181 was amended to provide a penalty, stating that one who "operates an aircraft in a careless or reckless manner in violation of" the provisions of this Act shall be guilty of a misdemeanor.

Without doubt section 1 of chapter 181, Laws of the Fifty-second General Assembly, establishes a standard of care in the operation of aircraft. Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372, and cases cited therein; 38 Am. Jur., Negligence, section 160, page 831; 65 C. J. S., Negligence, section 19, page 418. A breach of this standard unexplained is of course negli-

gence, State v. Coppes, 247 Iowa 1057, 78 N.W.2d 10; Hansen v. Kemmish, 201 Iowa 1008, 208 N.W. 277, 45 A. L. R. 498; McIntyre v. O. B. West Co., 225 Iowa 739, 281 N.W. 353, for it was clearly enacted for the protection of "the life or property of another."

■ IV. It therefore appears plaintiff's contention that by the language used in section 328.1, subsection 14, the owner is, for liability purposes, identified with and treated as the operator must be sustained. As the operator of an aircraft being operated in a careless or reckless manner and in violation of the care required in section 328.41, he would be negligent per se and must be held liable to anyone damaged as a natural consequence of such conduct.

■ It is indeed hard to see any other reasonable interpretation of these laws. The words are clear, and while it may well be as contended by defendant that originally the legislature did not intend this chapter as one to give rise to an action for tort, or to extend the owner's personal liability beyond the common-law provisions, by the recent amendments any doubt as to the import of the language is removed. The owner is made the operator when he causes or authorizes the use of his aircraft, and the practical effect so far as liability is concerned is much the same as automobile liability placed on the owner in section 321.493, Code of Iowa, 1954. We are not faced here with the rule that statutes in derogation of the common law are to be strictly construed, but on the other hand we are to liberally construe the provisions of this law and "all proceedings under it * * * with a view to promote its objects and assist the parties in obtaining justice." Section 4.2, Code, 1954. Words and phrases are to be construed "according to the context and the approved usage of the language." Section 4.1(2), Code, 1954.

While perhaps unnecessary to this opinion, we note the provisions of section 560(a), U. S. C. A., Title 49, which provides: "It shall be unlawful * * * (5) For any person to operate aircraft in air commerce in violation of any other rule, regulation, or certificate of the Board of Administrator of Civil Aeronautics under this subchapter." Also see Part 60, section 60.17, Code of Federal Regulations, Title 14. The pilot in the case

at bar was alleged to be guilty of the breach of these rules and regulations as well as the requirements of our law, and if so, such violation of recognized standards of due care might well become negligence.

We have considered the cases cited by defendant of Johnson v. Carter, 218 Iowa 587, 255 N.W. 864, 93 A. L. R. 774, and Casey v. Valley Sav. Bk., 231 Iowa 19, 26, 300 N.W. 733, 737, and find they are not in conflict with our decision here. It was held in the latter case that, "Neither the title nor the body of either statute contains any specific provision showing that it was the intention of the legislature to impose upon the landlord a civil liability for damages to an employee of a tenant growing out of failure of the tenant to keep an interlock on an elevator door in proper adjustment."

Nothing there indicated a change of the applicable common-law rule. Such is not the case in the matter before us, where by title, recent amendments, and by the body of the statutes involved, a change is indicated.

■ We conclude the legislature, by language and context in sections 328.1(14) and 328.41, Code, 1954, fixes civil responsibility on the owner, even though he was not in actual control, for the negligent conduct of one to whom he entrusted his airplane. Present here are allegations of the negligence of Wynn in the piloting of the plane, which if found to be true would violate the specific prohibitions set out in section 328.41 as well as the federal rules and regulations pertaining to safe flight, and make the pilot Wynn liable for damages done thereby.

The trial court being in error as to the petition failing to state a cause of action, the cause must now be remanded to the district court for trial upon the issues raised therein.—Reversed and remanded.

All JUSTICES concur.