PEARSON, Judge.
In number 68-995 the appellant is Margaret Orefice, as administratrix of the estate of Michael Betz, a deceased minor. In number 69-93 the appellant is Bonnie Betz, the mother of Michael Betz. Each plaintiff appeals from a final judgment ruling that the plaintiff had no action against the defendant-appellee, John W. Albert.
Appellee and Orlo Betz, the father of the deceased minor, Michael Betz, were co-owners of an airplane. Orlo Betz and Michael Betz were killed when the airplane crashed as a result of Orlo Betz’s negligent flying.
APPEAL OF THE ADMINISTRATRIX
The administratrix sued Albert upon the theory that an airplane is a dangerous instrumentality. She claimed that under the dangerous instrumentality doctrine which has been developed in Florida for the fixing of responsibility in automobile negligence cases Albert, as co-owner of the airplane, was liable in damages for Michael Betz’s death. The final judgment appealed from was entered upon Albert’s motion to dismiss the appellant’s complaint for failure to state a cause of action; it is based upon two conclusions of law set forth in an extensive opinion. First, an airplane is not a dangerous instrumentality under Florida law. Second, one co-owner of an aircraft is not vicariously liable for the negligent operation of the aircraft by another co-owner.
The appellant relies upon Matthews v. Lawnlite Company, Fla. 1956, 88 So.2d 299, and Shattuck v. Mullen, Fla. App.1959, 115 So.2d 597. An examination of these cases and of Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975, L.R.A.1917E, 715 (1917); Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255 (1920); and Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353 (1940), convinces us that the reasoning which has impelled the Florida Supreme Court to classify an automobile as a dangerous instrumentality when it is being operated applies to an airplane. See also Grain Dealers Nat. Mut. Fire Ins. Co. v. Harrison, 190 F.2d 726 (5th Cir. 1951). We therefore conclude that the trial judge’s decision may not be affirmed on the premise that an airplane is not a dangerous instrumentality.
In ruling that one co-owner of an aircraft may not be held vicariously liable for the negligent operation of an aircraft by another co-owner, the trial court relied extensively upon decisions of other jurisdictions.[1] The appellant urges that the appellee has an absolute vicarious liability because an airplane is a dangerous instrumentality. We hold that one co-owner of an airplane who is not actively negligent is not liable for harm caused by negligent operation of the airplane by a second co-owner when the action is for *17 damages resulting from the death of the second co-owner’s minor child while the child is in the custody of the second co-owner. We think it follows from the holdings in Klepper v. Breslin, Fla.1955, 83 So. 2d 587, and Martinez v. Rodriguez, Fla. 1968, 215 So.2d 305, that the administratrix of a child’s estate may not recover damages for the death of the child if the sole basis of her action is the negligence of the parent in whose custody the child is at the time of death. In the instant case the only negligence alleged in the complaint is the negligence of Orlo Betz, the father of the deceased child. Orlo Betz had full custody of the child, and his negligence was the sole cause of the child’s death. Under these conditions the appellee is insulated from liability.
APPEAL OF THE SURVIVING PARENT
The appeal of Bonnie Betz, the surviving parent of Michael Betz, is from a final judgment entered upon appellee’s motion for summary judgment. The trial judge found that Bonnie Betz, individually, and as parent of Michael Betz, was not entitled to recover for the death of Michael Betz because at the time of his death the child was in the custody and control of Orlo Betz with her knowledge and consent because it was undisputed that the child’s death was caused by the negligence of Orlo Betz. The decision of the trial judge on this issue of law is fully supported by the decision of the Supreme Court of Florida in Martinez v. Rodriguez, Fla. 1968, 215 So.2d 305.
We therefore conclude that the trial judge correctly entered summary judgment in the appeal of Bonnie Betz, individually, and as parent and next friend of Michael Betz.
Accordingly, the judgments appealed from are affirmed.
Affirmed.

. “Looking to other jurisdictions for en-lightment, one finds that aircraft owner is not liable simply by reason of ownership, D’Aquilla v. Pryor, 122 F.Supp. 346 (S.D.N.Y.1954) ; Boyd v. White, 128 Cal.App.2d 641, 276 P.2d 92 (1954) ; Southern Air Transp. v. Gulf Airways, Inc., 215 La. 366, 40 So.2d 787 (1949) ; Rich v. Finley, 325 Mass. 99, 89 N.E.2d 213 [12 A.L.R.2d 669] (1949); Spartan Aircraft Co. v. Jamison, 181 Okla. 645, 75 P.2d 1096 (1938). Accord, Brewer v. Thomason, 215 Ark. 164, 219 S.W.2d 758 (1949) ; Bruce v. O’Neal Flying Service, Inc., 231 N.C. 181, 56 S.E.2d 560 [12 A.L.R.2d 647] (1949).
“Some jurisdictions have reached a contrary result by virtue of direct statute or strained statutory construction, Md. Code Ann. Art. 1A, § 9 (1957) ; R.I. Gen.L. cli. 4, § 1-4-3 (1956) ; Nev.Rev. Stat. Yol. 15 § 493.060 (1967) ; Hays v. Morgan, 221 F.2d 481 (5th Cir. 1955) (applying Mississippi law) ; Lamasters v. Snodgrass, 248 Iowa 1377, 85 N.W.2d 622 (1957) ; Hoebee v. Howe, 98 N.H. 168, 97 A.2d 223 (1953).”