Frances LOCKWOOD, as Administratrix of the Estate of Richard Lockwood, Deceased, Libelant-Appellant,

v.

ASTRONAUTICS FLYING CLUB, INC., et al., Respondents-Appellees.

No. 30628

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1971.

Richard W. Bates, Maguire, Voorhis & Wells, Orlando, Fla., for libelant-appellant.

Harold A. Ward, III, Winter Park, Fla., for respondents-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This was an action in admiralty brought under the Death on the High

---

* [1]  Rule 18, 5 Cir.;  See Isbell Enterprises, Inc. v. Citizens Casualty Company

of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Seas Act.[1] The aircraft crashed at sea. The libel was brought *in personam* by the widow of a deceased airplane passenger against the estate of the pilot of the aircraft and against the aircraft owner, a flying club. The district court, sitting in admiralty without a jury, rendered judgment for the libelant and against the estate of the pilot, but exonerated the owner flying club from any responsibility from that judgment the instant appeal was taken by the libelant. We affirm.

The libel was brought against the owner on two theories of liability, one founded on alleged vicarious liability of the owner [2] for the negligent acts of the pilot of the aircraft, and the other for furnishing an aircraft that was not airworthy.

■ The district court upon motion struck the count relating to the airworthiness of the airplane. Nonetheless, the district court in its findings of fact found that the aircraft was not unairworthy. Assuming that the doctrine of airworthiness has a place in the general maritime law as a counterpart of the doctrine of seaworthiness (a question which we expressly pretermit), see Stiles v. National Airlines, D.C., 161 F. Supp. 125, affirmed 5 Cir. 1959, 268 F. 2d 400, cert. denied 361 U.S. 885, 80 S. Ct. 157, 4 L.Ed.2d 121, the findings of the district court make it clear that the doctrine of airworthiness was considered and ruled upon despite the striking of such allegations from the libel. Accordingly, we find that no prejudice to the appellant occurred when the lower court, upon motion, struck count two of the libel.

■ The more difficult issue presented in this case was novel when the suit was filed below but has now been answered adversely to the position of the appellant since the judgment below. That is the question of whether federal maritime law creates in the owner of an airplane vicarious liability for the negligence of the pilot when the owner is guilty of no direct negligence. Initially it should be noted that Florida law, which no doubt would impose vicarious liability under the theory that an airplane is a dangerous instrumentality, Orefice v. Albert, 226 So.2d 15 (Fla. App.1969), is not applicable to this action arising on the high seas. Guess v. Read, 5 Cir. 1961, 290 F.2d 622; Middleton v. Luckenbach S. S. Co., Inc., 2 Cir. 1934, 70 F.2d 326, cert. denied 293 U.S. 577, 55 S.Ct. 89, 79 L.Ed. 674 (1934). Appellant, however, argues that as a matter of federal maritime law we should read a provision of the Federal Aviation Act of 1958, Title 49, U.S.C., Section 1301(26)[3] as creating a federal

1. Title 46, U.S.C., Section 761:
   Right of action; where and by whom brought
   Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.

2. This case involves only—and our discussion is accordingly limited to—vicarious liability of owners of aircraft for negligence of pilots having a bailor/bailee relationship with such owners. We are here in no way concerned with liability arising from a master/servant relationship, present in the typical suit against a commercial airline.

3. " 'Operation of aircraft' or 'operate aircraft' means the use of aircraft, for the purpose of air navigation and includes the navigation of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of this chapter".

doctrine of vicarious liability on the part of the owners of aircraft. This contention was recently rejected by this Circuit in the case of Rogers v. Ray Gardner Flying Service, Inc., 5 Cir. 1970, 435 F.2d 1389. In *Rogers* we held that the Federal Aviation Act did not create a federal cause of action against the owner where none existed under state law. Conceding that none of the federal pre-emption questions here exist which were present in *Rogers*, we think that the *Rogers* holding is equally applicable here, where admittedly no cause of action otherwise exists against the owner under the Death on the High Seas Act, or under general admiralty and maritime law. We think *Rogers* made it clear that the Federal Aviation Act was intended only to subject owners equally with pilots to the rules, regulations, and penalties provided *in the Federal Aviation Act*. The Act was not envisaged as creating a basis for a cause of action against owners of aircraft for wrongful death. *Rogers,* supra.

Affirmed.