## D.C. RENT–A–CAR COMPANY, et al., Appellants,

v.

## Jacquelyn Ann COCHRAN, et al., Appellees.

### No. 82–54.

District of Columbia Court of Appeals.

Argued Nov. 30, 1982.

Decided July 12, 1983.

---

James W. Gregg, with whom D'Ana E. Johnson, Washington, D.C., was on brief, for appellants.

Lawrence H. Schwartz, with whom Barry H. Gottfried, Washington, D.C., was on brief, for appellee Cochran.

David P. Durbin, with whom James F. Jordan, Washington, D.C., was on brief, for appellee American Public Power Ass'n.

Before NEBEKER, FERREN, and BELSON, Associate Judges.

NEBEKER, Associate Judge:

Appellants, owners of a van, were found liable to appellee for injuries received as a result of an accident caused by the operator of the van. A judgment of $250,000 was entered upon the verdict. On appeal, appellants contend that the trial court erred in granting appellee's motion to dismiss as a party-defendant appellee's employer, American Public Power Association (APPA), in denying appellant's motion for a directed verdict and in refusing to give appellants' requested jury instruction. We affirm.

Caryn Cochran, an APPA employee, leased a van from appellants in order to transport a group of APPA's office workers to their annual Christmas party. Jacquelyn Cochran, appellee and Caryn's sister and co-worker, was responsible for actually driving the van to and from the party. Jacquelyn both picked the van up and left it outside APPA's office building. Caryn was to meet Jacquelyn outside the APPA building in order to return the van to appellants. When Caryn arrived, Jacquelyn left the van and walked halfway across the street to the median strip. Being unable to fully cross the street because of traffic, Jacquelyn began walking along the median strip toward an intersection when she was struck by the van driven by Caryn. Caryn had somehow lost control of the van and was unable to stop before injuring her sister.

In an effort to recover for the injuries she sustained as a result of the accident, Jacquelyn brought suit against appellants and APPA. APPA moved for summary judgment alleging that Jacquelyn's exclusive remedy against it was under the provisions of the Longshoremen's and Harbor Workers' Compensation Act (Longshoremen's Act), 33 U.S.C. §§ 901 *et seq.* (1978). Because the facts raised the question of whether Jacquelyn's injuries arose out of and in the course of her employment, the trial court stayed further proceedings in the case for 60 days pending the resolution of this issue by the Benefits Review Board (Board) under the rule of *Harrington v. Moss,* 407 A.2d 658 (D.C.1979). Opting to avoid this deferral, Jacquelyn moved to dismiss her claim against APPA. The trial court granted the dismissal over appellants' objection. Appellants contend that this dismissal constituted error. We disagree.

■ Appellants' argument depends upon an ultimate determination by the Benefits Review Board. Should the Board have concluded that Jacquelyn's injuries were *not* covered by the Longshoremen's Act, appellants could assert an indemnity claim against APPA to the extent appellants themselves were found liable as the owners of the vehicle involved pursuant to D.C. Code § 40–408 (1981).[1] However, the existence of a potential indemnity claim in no way required the trial court to retain APPA as a party-defendant. Action taken by the trial court on a motion for voluntary dismissal under Super.Ct.Civ.R. 41(a)(2)[2] is discretionary. *See GAF Corp. v. Transamerica Insurance Co.,* 214 U.S.App.D.C.

208, 211–12, 665 F.2d 364, 367–68 (1981). In exercising its discretion,

> [t]he court's inquiry primarily concerns whether the defendant will be subjected to legal prejudice by the allowance. It is not enough that he may be forced to suffer the incidental annoyance of a second suit in another forum. To compel a favorable ruling the defendant must show a real and substantial detriment.

*D.C. Transit System, Inc. v. Franklin,* 167 A.2d 357, 358–59 (D.C.1961).

■ Thus, the fact that appellants may have to file a second suit is insufficient to establish that legal prejudice resulted from the dismissal of APPA. Although appellants did object to APPA's dismissal, at no time during the proceedings did they take any affirmative action to retain APPA in the case by way of cross-claim or third-party action. Conversely, the trial court's decision enabled Jacquelyn to have a prompt trial to recover damages from appellants based upon their independent liability. We find, therefore, that the trial court did not abuse its discretion in dismissing APPA.

■ Appellants' second argument is also based upon the result of a Benefits Review Board determination. If the Board were to find that Jacquelyn's injury *was* within the coverage of the Longshoremen's Act, Jacquelyn would be precluded from filing suit against her co-employee sister, Caryn. *Harrington v. Moss, supra,* 407 A.2d at 660–61. The relevant provision of the Longshoremen's Act expressly states that:

> [t]he right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is in-

---

1. This provision states that:
   Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.

2. Super.Ct.Civ.R. 41(a)(2) declares in pertinent part:
   (a) VOLUNTARY DISMISSAL: EFFECT THEREOF.
   (2) BY ORDER OF COURT. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

jured ... by the negligence or wrong of any other person or persons in the same employ: *Provided, That this provision shall not affect the liability of a person other than an officer or employee of the employer.* [Emphasis added.]

33 U.S.C. § 933(i) (1978).

Appellants are in error, however, when they assert that the protection afforded Caryn under the operation of the Longshoremen's Act should somehow be extended to them because they "stand in Caryn's shoes." This same argument was rejected in *Davis v. Harrod,* 132 U.S.App.D.C. 345, 407 F.2d 1280 (1969), and is contrary to the plain language of the statute's proviso. The *Davis* court followed the general approach taken by the RESTATEMENT (SECOND) OF AGENCY § 217 (1958) which declares that:

In an action against the principal based on the conduct of a servant in the course of employment:

\* \* \* \* \* \*

(b) The principal has no defense because of the fact that:

\* \* \* \* \* \*

(ii) the agent had an immunity from civil liability as to the act.

This approach led that court to conclude that:

[i]n the interest of compensation to the victim, it should not be presumed that the immunity from liability given to the negligent person is carried over to others whom the victim can sue. Rather, the presumption should be the other way. That, unless the purpose of the immunity would be thwarted by carrying it over to others, suit against others will lie.

*Davis v. Harrod, supra* at 349, 407 F.2d at 1284. The court then held that the purpose of immunity under the District of Columbia Employees Non-Liability Act would not be frustrated by allowing recovery under D.C. Code § 40–408 (1981). It is irrelevant that the statutory immunity to the co-employee in *Davis* arose under the District of Columbia Employees Non-Liability Act, D.C.Code § 1–1213 (1981) rather than the Longshoremen's Act.

■ Appellants' final contention deals with the trial court's refusal to deliver their special jury instruction. The requested instruction declared:

However, if you find that the driver of the defendant's vehicle intended to injure the plaintiff, or operated the defendant's vehicle in an intentional manner so as to injure her, then this rule does not apply and your verdict should be for the defendant. It is only for negligent operation, as distinguished from intentional operation, for which the owner is responsible.

The trial court found that appellants had produced no evidence of Caryn's motives, design or intent. Appellants assert that such a showing had been made. They contend that Jacquelyn's testimony that she was angry at Caryn because Caryn had been late in arriving outside APPA's building to take over the van, that both women had had something to drink that day, and that the path taken by the van was directly aimed at Jacquelyn amounted to sufficient evidence to support the requested instruction. We disagree. Intentional wrongdoing was not pleaded or otherwise pressed until the jury submission phase. Moreover, while Jacquelyn admitted to being angry at Caryn, there was no indication that Caryn was likewise angry at Jacquelyn. Nor was there any showing made that either woman had imbibed more than a couple of drinks over the entire afternoon. Finally, no evidence was produced that indicated that the van was ever "aimed." Rather, Caryn testified that she lost control of the van while the wheels were turned to the left so that she could pull out into the street.

*Affirmed.*