Nathaniel SIMS, Appellant,

v.

WESTMINSTER INVESTING CORPORATION, Minuteman Press International, Inc., Walter Hare and Robert Hare, Appellees.

No. 93–CV–952.

District of Columbia Court of Appeals.

Argued Sept. 8, 1994.

Decided Oct. 17, 1994.

Nathaniel Sims, pro se.

Michael W. Kirk, with whom David J. Cynamon, Washington, DC, filed a brief, for appellee, Westminster Investing Corp.

Before WAGNER, Chief Judge, and SCHWELB and FARRELL, Associate Judges.

WAGNER, Chief Judge:

Nathaniel Sims, a defendant and third-party plaintiff in this civil action, appeals from an order of the trial court entered in response to a motion filed by the third-party defendants, Minuteman Press International, Inc. (MPI), Walter Hare, and Robert Hare (the Hares). In their motion, the third-party defendants contended that the case had been

settled and dismissed by the parties by praecipe; therefore, they sought enforcement of the purported settlement and dismissal of the case with prejudice. The trial court denied the motion as unnecessary, having determined that the case had been dismissed voluntarily with prejudice pursuant to the terms of the praecipe. Appellant argues that the trial court erred in so concluding because the parties to the main complaint had filed an amended praecipe which did not dispose of the third-party complaint. For jurisdictional purposes, *see* D.C. Code § 11–721(a)(1) (1989), we treat the trial court's order as a dismissal. We reverse with instructions to the trial court to vacate its order and to proceed on the third-party complaint.[1]

## I.

Westminster Investing Corporation (Westminster) filed a complaint against Multiplex Enterprises, Inc. (Multiplex) and Nathaniel Sims for breach of a lease and guaranty of lease. Multiplex and Sims filed an answer and third-party complaint against MPI and the Hares. The case was scheduled for trial on April 20, 1993. Prior to trial, Donald McClure, Sr., the attorney for Sims and Multiplex, made arrangements for Sims to pursue settlement discussions with the attorney for Westminster, since McClure expected to be out of the city. Counsel for the third-party defendants did not participate in the settlement discussions, and he informed plaintiff's counsel that his clients would make no contribution toward any settlement.[2] Counsel for Westminster and counsel for Multiplex and Sims executed and filed with the court a praecipe which stated that Westminster, Multiplex, Sims, and the third-party defendants had reached a "settlement in principle of this litigation...." The signatories to the praecipe also requested the following:

> dismiss[al] [of] this action without prejudice with the understanding that counsel shall file a detailed praecipe as to all claims and parties within the next thirty (30)

days, subject to a Motion to Reinstate should the settlement not be consummated as agreed or for other "good cause" shown, and if upon the expiration of thirty (30) days from the docketing of the Court's Order of dismissal without prejudice no Motion to Reinstate has been filed, the case shall stand dismissed with prejudice without further Order of the Court.

Counsel for the third-party defendants, MPI and the Hares, did not sign the praecipe.

On May 20, 1993, Westminster, Multiplex, and Appellant Sims filed an amended praecipe to correct the previously filed praecipe. Again, MPI and the Hares did not sign the praecipe. After reciting the terms of the settlement between Westminster, Multiplex, and appellant Sims, the parties explained their intentional omission of the third-party defendants from the settlement praecipe and their reasons for amending the praecipe as follows:

> Plaintiff's Attorney drafted the Praecipe, which included Third Party Defendants Minuteman Press, Robert Hare and Walter Hare. Third Party Defendants did not participate in the negotiating and settlement process between Plaintiff's Attorney, Plaintiff, Defendants, and Defendants' Attorney. Therefore, Defendants' intent was only to settle with the Plaintiff. This amended Praecipe satisfies that objective only.
>
> \* \* \* \* \* \*
>
> The Defendants' Third Party Complaint against Third Party Defendants remains unresolved in this action.

Thereafter, MPI and the Hares filed a "Motion to Enforce Dismissal with Prejudice, Settlement and Sanctions." They contended that although they did not agree to make any contribution toward settlement, it was their understanding that the settlement would include dismissal of the entire action, including the third-party complaint. Multiplex and

---

1. The original plaintiff, Westminster Investing Corporation, filed a motion to dismiss the appeal insofar as it relates to it because appellant has never contended that it had any dispute remaining with Westminster. The record supports Westminster's claim, and therefore we dismiss the appeal as to Westminster.

2. According to MPI's motion to enforce settlement, its attorney had previously informed the attorney for Sims and Multiplex that it would not contribute to a settlement.

Sims filed a written opposition to the motion, contending that since there was never any agreement between them and the third-party defendants, there was no settlement agreement between these parties to enforce. The trial court denied the motion, concluding that the case was dismissed with prejudice by the terms of the first praecipe, since no motion to reinstate had been filed.

## II.

■ Appellant argues that the trial court erred in determining that the case had been dismissed under the circumstances. Appellant contends that the amended praecipe, which was timely filed, superseded the earlier praecipe, and that the third-party complaint remained pending. We agree.

A plaintiff may dismiss an action pursuant to Super.Ct.Civ.R. 41(a)(1)(ii) "by filing a stipulation of dismissal signed by all parties who have appeared in the action." *See Boks v. Charles E. Smith Management, Inc.,* 453 A.2d 113, 116 (D.C.1982).[3] The original praecipe was not signed by all parties as required by the rule. The parties who sought to avail themselves of its terms, MPI and the Hares, did not sign personally or through counsel. Thus, the action could not be dismissed at the plaintiff's instance except by order of the court pursuant to Super.Ct.Civ.R. 41(a)(1)(ii).[4] *See District of Columbia Rent–A–Car Co. v. Cochran,* 463 A.2d 696, 698 (D.C.1983) (action on motion to dismiss under Rule 41(a)(1)(ii) within trial court's discretion). No Rule 41(a)(1)(ii) motion was ever filed nor order entered pursuant thereto. Thus, prior to the action which prompted this appeal, no action was taken by the court which could properly serve to dismiss the case with or without prejudice.

Moreover, the original praecipe noted an agreement "to a settlement in principle" only and provided for the filing of "a detailed praecipe as to all claims and parties within the next thirty days." Within that period of time, the parties to the main action, who had reached a settlement agreement, filed a praecipe setting forth the terms of their settlement and further specifying that the third-party complaint remained unresolved. The trial court mistakenly reflected in its order that the earlier praecipe had been docketed on March 20, 1993, when it had actually been filed on April 20, 1993.[5] Thus, the court apparently concluded that the thirty-day period provided for in the praecipe for filing a detailed praecipe of settlement or a motion to reinstate and avoid dismissal with prejudice had expired without further action of the parties. That is not the case. The explicit terms of the amended praecipe were sufficient, under the circumstances, to preclude any action by the court to dismiss pursuant to Rule 41(a)(1)(ii).[6]

■ Generally, settlement agreements are determined according to principles of contract law. *Boks, supra,* 453 A.2d at 117. "For an enforceable contract to exist, there must be both (1) agreement as to all material terms, and (2) intention of the parties to be bound." *Georgetown Entertainment Corp. v. District of Columbia,* 496 A.2d 587, 590 (D.C. 1985) (citing *Edmund J. Flynn Co. v. LaVay,* 431 A.2d 543, 546–47 (D.C.1981)). Here, the original praecipe specified the tentative nature of the agreement and expressly provided for a detailed statement of its terms at a future date. Thus, at that point, no agreement appears to have been reached between the parties who executed the praecipe setting forth the status of their negotiations. *See Edmund J. Flynn Co.,* 431 A.2d at 547.

3. The rule applies to the dismissal of third-party claims as well. *See* Super.Ct.Civ.R. 41(c).

4. There is no showing that the trial court purported to act, nor that any action had been taken to dismiss the third-party complaint, pursuant to Super.Ct.Civ.R. 41(b) which governs involuntary dismissals.

5. The original praecipe, quoted above at page 3 stated in pertinent part that "if upon the expiration of thirty (30) days *from the docketing of the Court's Order of dismissal without prejudice* no

Motion to Reinstate has been filed, the case shall stand dismissed with prejudice without further Order of this Court." (Emphasis added.) No order of dismissal without prejudice was ever entered and, contrary to the judge's impression, the thirty-day period contemplated in the praecipe never began to run.

6. Assuming a motion to reinstate were required, the terms of the amended praecipe fairly·construed would have sufficed to prevent dismissal with prejudice.

Therefore, third-party defendants, MPI and the Hares, who did not sign any documents nor participate in the negotiations, cannot claim that the settling parties were not at liberty to alter the terms of any agreement and to change the terms of the praecipe providing the conditions of dismissal prior to any action by the court.[7] *See id.*

For the foregoing reasons, the case is remanded to the trial court with instructions to vacate its order docketed on June 24, 1993, to reinstate the third-party complaint, and for further proceedings consistent with this opinion. The appeal as to Westminster's claims is hereby dismissed.[8]

*So ordered.*

---

7. Of course, an oral, out-of-court settlement agreement to settle litigation may be enforced. *See Brown v. Brown,* 343 A.2d 59 (D.C.1975). However, in this case, the record shows that the parties had not reached a final agreement when the original praecipe was filed.

8. *See supra* note 1.