**William E. SMITH, Appellant,**

**v.**

**CRST INTERNATIONAL, INC., CRST, Inc., and Rapid Leasing, Inc., Appellees,**

**Lincoln Sales and Service, Inc., Intervenor.**

**No. 95–924.**

Supreme Court of Iowa.

Sept. 18, 1996.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, TERNUS, and SCHULTZ,* JJ.

McGIVERIN, Chief Justice.

The overall issue in the present appeal is whether an employee injured in a motor vehicle (tractor-trailer) accident can recover civil damages under Iowa Code section 321.493 (1991) from the non-employer owner of the motor vehicle and two other defendants for the negligent act of the coemployee driver of the vehicle. The district court granted summary judgment in favor of the motor vehicle's owner and the two other defendants. We affirm the court's grant of summary judgment in favor of the two other defendants but reverse the court's decision in favor of the motor vehicle's owner. We remand for further proceedings.

I. *Background facts and proceedings.* On October 23, 1990, plaintiff William E. Smith was injured in a motor vehicle accident in Utah. At the time of the accident, Smith was a passenger in a tractor-trailer owned by defendant Rapid Leasing, Inc. (Rapid), an equipment leasing company. The unit was leased to defendant CRST, Inc. (CRST), an interstate motor carrier that transports goods and commodities. The unit was driven by Archie D. Symmonds. Smith and Symmonds were both employed by intervenor Lincoln Sales and Services, Inc. (Lincoln), a company that employs over-the-road truck drivers and leases them to CRST to perform driving services. Smith and Symmonds were performing such services for CRST when the accident occurred. Defendants CRST and Lincoln are wholly-owned subsidiaries of defendant CRST International, Inc. (International), a holding company. Rapid is a wholly-owned subsidiary of Lincoln. Rapid is not the employer of either Smith or Symmonds.

As a result of the injuries he sustained in the accident, Smith sought workers' compensation benefits from CRST and Lincoln before the Iowa industrial commissioner. *See* Iowa Code § 85.3(1). Both CRST and Lincoln denied the compensability of Smith's claim, and the case proceeded to arbitration. CRST denied it was Smith's employer; Lin-

John Riccolo and David L. Baker of Riccolo & Baker, P.C., Cedar Rapids, for appellant.

Robert E. Konchar, Chris J. Scheldrup, and Rebecca L. Smith of Moyer & Bergman, P.L.C., Cedar Rapids, for appellees.

* Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (1995).

coln admitted it was Smith's employer. After the hearing, both the deputy industrial commissioner and, on appeal, the industrial commissioner concluded Smith was an employee of both CRST and Lincoln and that he had sustained an injury arising out of and in the course of his employment.[1] As a result, Smith was awarded permanent partial disability benefits based on an injury to the body as a whole. *See id.* § 85.34(2)(u).

In addition to his workers'. compensation claim, Smith filed a petition at law in district court against International, CRST, Rapid, and Lincoln seeking damages for the alleged negligent conduct of his co-employee, Symmonds. Smith claimed that because Symmonds was driving the tractor-trailer with the knowledge and consent of the owner (Rapid), his alleged fault should be imputed to defendants under Iowa Code section 321.493 and the doctrine of respondeat superior. Lincoln was dismissed from the present suit on its motion for summary judgment, and Lincoln's dismissal is not at issue in the present appeal.[2] The remaining defendants denied responsibility for Smith's injuries and pled, as affirmative defenses, Iowa Code chapters 668 (comparative fault) and 85 (workers' compensation exclusive remedy provision).

Defendants filed a joint motion for summary judgment requesting that the district court dismiss plaintiff's petition as a matter of law. *See* Iowa R.Civ.P. 237(b). In their motion, they contended judgment should be entered in their favor because:

(1) Lincoln and CRST are Smith's employers and, therefore, are statutorily immune from tort liability. *See* Iowa Code § 85.20.

(2) Rapid is a wholly-owned subsidiary of Lincoln and participated with CRST and Lincoln in a "common enterprise"; therefore, the immunity afforded to plaintiff's employers (CRST and Lincoln) should extend to Rapid. *See id.*

(3) International is a holding company that does not actively do business other than as an ownership entity and, therefore, no claim of liability can exist against it.

Further, defendants contended no liability could be imputed to any of them from employee Symmonds (who is not alleged to have acted with gross negligence), since he, like his employer(s), is statutorily immune from civil liability under Iowa Code section 85.20.

The district court granted defendants' motion for summary judgment and dismissed plaintiff's petition against them. The court first rejected defendants' "common enterprise" argument. The court found that, unlike CRST and Lincoln, Rapid was not Smith's employer because it did not exert control over his daily activities. Therefore, Rapid was not entitled to the same statutory tort immunity afforded to Smith's employers, CRST and Lincoln.[3]

The fighting issue, in the view of the district court, was whether the non-employer owner of the motor vehicle (Rapid) could be held liable for damages under section 321.493 for the negligent acts of the driver (Symmonds) even when that driver was immune from suit pursuant to section 85.20. Relying on our decision in *Maine v. James Maine & Sons Co.*, 198 Iowa 1278, 201 N.W. 20 (1924)[4], the district court concluded Rapid was immune from liability:

---

**1.** No party contends otherwise in the present tort action.

**2.** Lincoln then filed a petition of intervention, *see* Iowa R.Civ.P. 75, 76, seeking to protect its workers' compensation lien rights. *See* Iowa Code § 85.22(1). As the present appeal involves plaintiff's appeal from grant of summary judgment for International, CRST, and Rapid, however, we will not review the merits of the court's earlier grant of summary judgment for Lincoln.

**3.** The court also opined defendant Rapid should not be able to "pierce its own corporate veil" and hide behind Iowa Code § 85.20 to avoid tort

liability. *See Peterson v. Trailways, Inc.*, 555 F.Supp. 827, 834–35 (D.Colo.1983); *Smith v. Cotton's Fleet Serv., Inc.*, 500 So.2d 759, 761–62 (La.1987).

**4.** *See Stuart v. Pilgrim*, 247 Iowa 709, 720, 74 N.W.2d 212, 219 (1956). The district court believed this case "explicitly overruled" *Maine* "so far as it determines the relation of his owner and his consent driver, under section 321.493, ... is that of principal and agent for any purposes except the liability of the owner for the driver's actionable negligence."

Where the driver is not liable, whether his freedom from liability arises from a want of negligence on his part, or from the existence of such a relation between himself and the person injured as to preclude any liability on his part for the injury, [section 321.493] does not create an independent liability on the part of the owner. *Maine,* 198 Iowa at 1283, 201 N.W. at 22. Therefore, since the co-employee driver is immune from liability under Iowa Code section 85.20, there can be no liability imposed on the driver [Symmonds] and Rapid's motion [for summary judgment] must be granted.

Without further comment, the court also dismissed Smith's claims against International and CRST.

From the district court judgment, Smith appealed. *See* Iowa R.App.P. 1. On appeal, Smith disputes and discusses only the district court's grant of summary judgment for Rapid.

■■■ II. *Standard of review.* Our standards for reviewing a grant of a motion for summary judgment are well established:

We will uphold a grant of summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the litigation, given the applicable governing law.

When we review the propriety of a grant of summary judgment, the moving party is required to show that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. In determining whether the movant has met this burden, we review the record in a light most favorable to the party opposing summary judgment, in this case the plaintiff.

In this sense, we review the record as we would on a motion for directed verdict, with the nonmoving party entitled to every legitimate inference that reasonably can be deduced from the evidence and summary judgment is inappropriate if reasonable minds can differ on how the issue should be resolved.

*Dickerson v. Mertz,* 547 N.W.2d 208, 212 (Iowa 1996) (citations omitted).

The parties agree that no genuine issue of material fact exists. Only questions of law remain for decision. The record presently consists of pleadings, defendants' summary judgment motion, exhibits, and the district court's ruling on the motion. *See* Iowa R.Civ.P. 237(c).

III. *Rapid's liability under Iowa Code section 321.493.* On appeal, Smith contends the district court erred in granting summary judgment in favor of Rapid. Smith contends Rapid, as the owner of the tractor-trailer in which Smith was a passenger, is subject to civil liability based on the negligence of the driver of the vehicle. *See* Iowa Code § 321.493. In addition, Smith claims that since Rapid is neither Symmond's nor Smith's employer, Rapid is not entitled to civil immunity under section 85.20.[5]

Citing the *Maine* decision relied on by the district court in dismissing Rapid from the suit, Rapid claims that it should be entitled to the same immunity afforded to the driver of the vehicle under section 85.20. Rapid contends Smith should not be allowed to "back door" a civil lawsuit against Rapid through section 321.493, when any liability on the part of Rapid is based on the negligence of one who is immune from civil liability under section 85.20.

Following the district court's judgment dismissing Smith's negligence action against Rapid, we decided the case of *Estate of Dean v. Air Exec, Inc.,* 534 N.W.2d 103 (Iowa

5. Iowa Code § 85.20 provides in pertinent part:
The rights and remedies provided in this chapter ... for an employee on account of injury ... shall be the exclusive and only rights and remedies of such employee ... at common law or otherwise, on account of such injury ... against:

1. the employee's employer; or
2. any other employee of such employer, provided that such injury ... arises out of and in the course of such employment and is not caused by the other employee's gross negligence. ...

1995).[6] In that case, we addressed an issue quite analogous to the issue in the present case: whether the owner of an aircraft, piloted by a coemployee of the deceased plaintiff, was statutorily vicariously liable to plaintiff's estate as a result of the pilot's negligence in operating the aircraft. *Id.* at 103.[7] The owner of the aircraft in *Dean* sought summary judgment contending that, absent gross negligence, the coemployee immunity granted the pilot under Iowa Code section 85.20 should "inure to the benefit of parties that are vicariously liable for the coemployee's negligence." *Id.* The district court denied the owner's motion and concluded the owner was not entitled to immunity. We agreed and stated:

> [Iowa Code section 85.20] does not provide immunity to third parties. Moreover, because the immunity that is provided to employers and coemployees is based on a quid pro quo not applicable to parties in the position of Air Exec, there is no basis for implying a similar immunity on their behalf.

> Because the workers' compensation laws do not immunize third parties from tort claims by injured employees, we may not look to that source in determining the responsibility of Air Exec. We look instead to the purposes of the aircraft owner's liability statute. *We must determine whether there is any indication that the broadly stated liability which that statute*

*imposes turns on the negligence of the operator or the liability of the operator. We conclude, as did the district court, that it turns on the negligence of the operator.*

. . . .

> *[I]t would appear illogical for an owner's liability statute to impose a general liability by legislative fiat without regard to the relationship between the operator and the owner and yet permit defenses by the owner that depend on relationships that play no role in creating the statutory liability.*

*Id.* at 104–05 (emphasis added).

As in *Dean*'s interpretation of Iowa Code sections 328.1(19) and 328.41, we believe the broadly stated liability of Iowa Code section 321.493 turns on the negligence of the operator, not the liability of the operator. We need look no further than the plain language of Iowa Code section 321.493, which provides in pertinent part:

> In all cases where damage is done by any motor vehicle by reason of *negligence* of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage.

(Emphasis added.)[8] *See Estate of Dean*, 534 N.W.2d at 103–04 ("[I]t is the *negligence* of the operator rather than the *liability* of the operator that triggers the vicarious liability of aircraft owners. . . ." (Emphasis added.)); *Stuart v. Pilgrim*, 247 Iowa 709, 716, 74

6. On the date the district court filed its ruling on defendants' motion for summary judgment, our court had not yet decided the *Dean* case.

7. Liability in *Dean* was premised on Iowa Code §§ 328.1(19) and 328.41 (1991) as interpreted by our decision in *Lamasters v. Snodgrass*, 248 Iowa 1377, 85 N.W.2d 622 (1957). In *Lamasters*, we held that these statutes fix civil responsibility on the owner of an aircraft for the *negligent* conduct of those persons to whom the owner entrusts the plane. *Lamasters*, 248 Iowa at 1385, 85 N.W.2d at 626.

8. Iowa Code § 321.493 (1995) was amended effective July 1, 1995. *See* 1995 Iowa Acts ch. 136, § 1. The amendment provides that if a vehicle is leased, the lessee shall be deemed the owner for purposes of owner liability. *Id.* Rapid contends on appeal this amendment applies retroactively. We disagree. *See* Iowa Code § 4.5 (1995) ("A statute is presumed to be prospective in its oper-

ation unless expressly made retrospective."). The 1995 amendment to § 321.493 was not expressly made retrospective, and Rapid has not rebutted the presumption of prospective application. Lastly, the amendment does not relate to remedy or procedure as contended by Rapid. We believe the amendment is a substantive narrowing of the scope of Iowa Code § 321.493. *See Thorp v. Casey's Gen. Stores, Inc.*, 446 N.W.2d 457, 461 (Iowa 1989) ("[A] statutory amendment that takes away a cause of action 'that previously existed and does not give a remedy where none or a different one existed previously' is substantive, rather than merely remedial, legislation.") (quoting *Vinson v. Linn–Mar Community Sch. Dist.*, 360 N.W.2d 108, 121 (Iowa 1984)).

We express no opinion on how the 1995 amendment to § 321.493, if applicable, would affect the outcome of this case.

This issue was admittedly not presented to the district court.

N.W.2d 212, 217 (1956) ("It is neither necessary nor wise to go beyond the language of the statute itself to determine its meaning, when its wording is clear."). Section 321.493 mentions only the negligence, not the liability, of the operator.

Under section 321.493, Rapid's liability for Smith's injuries stems from Symmond's alleged *negligence*, not Symmond's liability for his negligence. Therefore, Rapid cannot claim immunity from Smith's civil action based on Symmond's status as Smith's coemployee.

■ We do not believe withholding section 85.20 immunity from Rapid thwarts the purpose underlying such immunity. *See Estate of Dean*, 534 N.W.2d at 105 (quoting *Davis v. Harrod*, 407 F.2d 1280, 1284 (D.C.Cir.1969)); (federal appeals court warns against circumventing immunity statutes). Section 85.20 provides a quid pro quo not for third parties, but for employers, who are required by law to carry workers' compensation insurance or become self-insured in order to be in a position to compensate their employees who are injured on the job. In the present case, Rapid admittedly did not fulfill those employer obligations and therefore should not benefit from section 85.20. If the legislature so intended, it could have included third parties in the language of the statute. We refuse to rewrite section 85.20 or interpret section 321.493 in a manner not consistent with the plain language of those statutes.

Rapid attempts to distinguish *Dean* from the facts of the present case. We find Rapid's arguments unpersuasive on this point. Although *Dean* admittedly did not involve a claim against a motor vehicle owner under section 321.493, we discussed and relied on such cases in reaching our decision in *Dean*. *See, e.g., Davis v. Harrod*, 407 F.2d at 1284; *Baugh v. Rogers*, 24 Cal.2d 200, 148 P.2d 633,

640–41 (1944); *D.C. Rent–A–Car Co. v. Cochran*, 463 A.2d 696, 698–99 (D.C.1983); *Stuart*, 247 Iowa at 716, 74 N.W.2d at 217; *Lind v. Eddy*, 232 Iowa 1328, 1336, 6 N.W.2d 427, 431 (1942); *Abrams v. Sinon*, 44 Mich. App. 166, 205 N.W.2d 295, 297 (1972); *Shore v. Minneapolis Auto Auction, Inc.*, 410 N.W.2d 862, 866 (Minn.Ct.App.1987); *Altman v. Sanders*, 267 N.C. 158, 148 S.E.2d 21, 24–25 (1966).

In sum, we believe our decision in *Dean* is persuasive in concluding that Symmond's status as a coemployee of plaintiff Smith should not bar Smith's negligence claim against Rapid, the nonemployer owner of the tractor-trailer in which Smith was injured. Not having the benefit of the *Dean* decision and its *liability versus negligence* dichotomy, the district court erred in ruling Rapid was immune from Smith's negligence action under the *Maine* case. Clearly, after *Dean* and other cases, the *Maine* decision has little substantive value remaining.

IV. *International's and CRST's liability for plaintiff's injuries.* On appeal, Smith raises no error concerning the district court's grant of summary judgment in favor of defendants International and CRST and dismissing them from the case. Therefore, we deem any issues of liability that may still exist for either of these two defendants waived by Smith for appeal purposes. *See* Iowa R.App.P. 14(a)(3) ("Failure in the [appellate] brief to state, to argue or to cite authority in support of an issue may be deemed waiver of that issue.").

V. *Disposition.* We have considered other arguments raised by Rapid on appeal and find them to be without merit.[9]

We reverse the decision of the district court granting summary judgment for Rapid and remand the case for further appropriate

---

9. Rapid contended that since CRST, Rapid, and Lincoln were participating in a "common enterprise," the immunity afforded to CRST and Lincoln should extend to Rapid. Rapid's "common enterprise" argument, which appears to be an attempt to salvage the district court ruling in the wake of the *Dean* decision, is not persuasive. In oral argument, Rapid did point to *Thomas v. Hansen*, 524 N.W.2d 145 (Iowa 1994), in which this court found a joint venture existed where there was evidence a company engaged in a construction project with the claimant employee's employer, had paid the employee at the end of the workday, exchanged workers with the employer and exercised mutual control over them, was entitled to a percentage of the employer's billings, and carried workers' compensation insurance for the employer's workers. *Thomas*, 524 N.W.2d at 146–47. Those facts distinguish *Thomas* from the present case, which does not involve comparable indicia of a shared undertaking.

proceedings against Rapid alone. We affirm the district court judgment granting summary judgment in favor of the other defendants.

Costs on appeal are taxed one-half to Smith and one-half to Rapid.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**