Carlton C. **HAYS**, W. Nathan Hays
and Blanche Hays Hall

v.

**Ernest MORGAN.**
No. 15288.

United States Court of Appeals
Fifth Circuit.

April 26, 1955.

Rehearing Denied May 27, 1955.

Gibson Witherspoon, Meridian, Miss., James McClure, Herbert M. Fant, Sardis, Miss., for appellants.

Chester L. Sumners, Will A. Hickman, Oxford, Miss., Pat D. Holcomb, Chester H. Curtis, Clarksdale, Miss., Smallwood, Sumners & Hickman, Oxford, Miss., Holcomb & Curtis, Clarksdale, Miss., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment for the appellee, plaintiff below, for personal injuries sustained by him on September 15, 1951, when he was struck and seriously injured by an airplane, owned by appellants and operated by one Fortney, a duly licensed pilot, who was spraying cotton on a farm in Mississippi. The appellee's complaint alleged that his injuries were proximately caused by the negligence of Fortney, who was a partner of appellants or joint adventurer with them at the time of the accident; and that the appellants, as holders of the legal title to the plane, were responsible for Fortney's negligence, regardless of whether or not they and the pilot were partners or joint adventurers. Fortney was not made a party.

It is without dispute that the appellants owned the plane; that Fortney was flying it; that Ernest Morgan was employed by the Holly Grove Farm Company, whose cotton was being sprayed;

and that Morgan was acting as flagman for the plane when he was injured. The case, by consent of the parties, proceeded to a trial on the merits before the court, without a jury. The court found from the evidence that Fortney was guilty of negligence in the operation of the plane, which caused the accident; that the appellee was not guilty of any contributory negligence; that the appellee was entitled to recover the sum of $18,806.53; and that judgment should be entered accordingly, which was done.

The Mississippi Code of 1942 contains a chapter on Aeronautics, Section 7533 through Section 7544–17, which with amendments was effective after March 21, 1950. One of the purposes of the act, as set out in Section 7536–01, was to promote aeronautics so that those engaged therein might do so with the least possible restriction consistent with the safety and rights of other persons. Section 7536–26(9) and (10), of the Mississippi Code, as amended, is as follows:

"(9) 'Operation of aircraft' or 'operate aircraft' means the use of aircraft for the purpose of air navigation, and includes the navigation or piloting of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of the statutes of this state. (10) 'Person' means any individual, firm, partnership, corporation, company, association, joint stock association, or body politic; and includes any trustee, receiver, assignee, or other similar representative thereof."

It is the evident intent of the statute to protect the public from any negligence and financial irresponsibility of pilots. It does not say that one on the ground must assume the risk of being hit by an airplane, but that the owner who authorizes the use of his airplane shall be deemed to be engaged in the operation thereof within the meaning of the statutes of Mississippi. The law may be compared to the statutes of some states

that make the insurer directly liable for the negligence of the driver of an automobile when driving with the owner's consent. See also 49 U.S.C.A. § 401(26), from which said Section 7336–26(9) was copied.

Section 7536–12 of said Code of Mississippi makes it unlawful for any person to operate an aircraft in the air or on the ground or water, in a careless or reckless manner, so as to endanger the life or property of another; and the court in determining whether the operation was careless or reckless must consider also the standards of safe operation prescribed by federal statutes or regulations governing aeronautics. The primary standard for airplanes prescribed by federal statutes is careful operation so as not to endanger the life or property of another, which standard was found by the court below to have been violated by the pilot in this case.

■ No federal statute or constitutional provision, and no state constitutional provision, is contravened by the state statutes above quoted. Appellants cite 49 U.S.C.A. § 524, which exempts mortgagees, security holders, and lessors under a bona fide lease of thirty days or more, but their arrangement with these pilots does not bring them within the exemption of the act, which shows a federal legislative intention to hold the owner liable as an operator, and to relieve lienors and lessors only under conditions that are not present here. There is no showing or allegation in the present case of a lease for thirty days or more, and the agreed facts are to the contrary.

■ The appellants reserved the right to direct when and how their crops should be sprayed or dusted. There was no lease of any kind, and the bailment was terminable at the will of the bailors. The statute clearly means that the owner who authorizes the operation of any aircraft, whether with or without the right of legal control thereof, shall be deemed to be engaged in the operation thereof within the meaning of the statutes of Mississippi. The liability of the

owner is there just as much as if he were the operator of the aircraft. The owner who authorizes a pilot to use his plane becomes liable for the negligence of the pilot in the operation of the plane. Under the statute, the liability arises out of the facts as a matter of public policy, the essential facts being the defendant's ownership of the aircraft, his authorization of the pilot to operate it, the pilot's negligence in operating it, and the consequent injury to the plaintiff.

Mere disagreement with the judge's findings of fact is not ground for reversal. Wald v. Eagle Indemnity Co., 5 Cir., 178 F.2d 91, 93; Grace Bros. v. Commissioner of Internal Revenue, 9 Cir., 173 F.2d 170, 173. Rule 52 of the Federal Rules of Civil Procedure, 28 U.S. C.A. provides that findings of fact shall not be set aside unless clearly erroneous, and that due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. Graver Tank & Mfg. Co., Inc., v. Linde Air Products Co., 336 U.S. 271, 69 S.Ct. 535, 537, 93 L.Ed. 672.

We find no reversible error in the record, and the judgment appealed from is affirmed.

Affirmed.