BONNIE FERRARI, Admr. of the Estate of JOHN FERRARI, Deceased, Plaintiff-Appellant, *v.* BYERLY AVIATION, INC., Defendant-Appellee.

(No. 70-29;

Third District—April 1, 1971.

Gary L. Clark, of Peoria, for appellant.

Lord, Bissell & Brook, of Chicago, and McConnell, Kennedy, McConnell & Morris, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is a wrongful death action brought by Bonnie Ferrari, as administrator of the estate of John Ferrari, plaintiff-appellant against Byerly Aviation, Inc., defendant-appellee. Leave to appeal was granted from an interlocutory order denying plaintiff's motion to amend her complaint in accord with Supreme Court Rule 308.

As alleged in the complaint, defendant Byerly Aviation, Inc. as owner, rented an airplane to Charles Burress on January 31, 1965. John Ferrari was a passenger in the plane piloted by Burress when the plane crashed in Peoria County killing both Ferrari and Burress. This action was commenced against Byerly Aviation, Inc. only. The complaint as it stood prior to the proposed amendment alleged that Byerly was negligent in permitting an unskilled pilot to fly its airplane, renting a defective airplane and failing to warn of the defective airplane and failing to inspect its airplane.

In seeking to amend the complaint plaintiff propsed to allege that Byerly Aviation Inc., "E. Negligently operated an aircraft which it owned through an unskilled pilot." Defendant objected to the proposed amendment because it failed to state a cause of action and subsequently the court denied the motion for leave to make the amendment.

The court made the requisite finding concerning "substantial difference of opinion" as required by Supreme Court Rule 308 and indicated the question to be "does the language of this section impute the actions of the operator of an aircraft to the person who authorizes the operation of the aircraft, for purposes of civil liability to a passenger therein, contrary to the common law of this state?".

So far as this appeal is concerned there is no issue relating to any negligence of Byerly and there is no claim that Burress was an agent or employee of Byerly. As quoted above the proposed amendment (Subsection E) to the complaint is somewhat vague in concept but both parties have assumed and concede it a sufficient basis for the question of law certified by the trial court.

It is plaintiff's theory that Byerly as owner of the plane, is liable because it rented the plane to Burress who negligently operated the plane causing Ferrari's death. This claim is based primarily on ch. 15½, par. 22.11,

Ill. Rev. Stat. 1965 (the statute referred to in the legal question certified) which provides, " 'Operation of aircraft' or 'operate aircraft' means the use of aircraft for the purpose of air navigation, and includes the navigation or piloting of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of the statutes of this State." Par. 22.1 *et seq.* of ch. 15½, commonly referred to as the Aeronautics Act, was adopted in Illinois in 1945 and had no historical antecedent. The Act was substantially copied from the Civil Aeronautics Act of 1938, now known as the Federal Aviation Act, USCA, Title 49, Section 1301.

■■  There is general agreement by both parties to this appeal that the bailor of a chattel is at common law not liable for the negligence of his bailee merely because of the relationship. 4 I.L.P., Bailments, Section 16, see also 2 C.J.S., Aerial Navigation, Section 26, discussing such rule as applied to the bailment of airplanes. (See also *Johnson v. Central Aviation Corp.*, Cal.App.2d 229 P.2d 114.) From this mutually accepted premise the arguments of the parties diverge with plaintiff arguing that par. 22.11 quoted above changes the common law and the defendant insisting that it does not. The gist of the controversy then is the meaning of par. 22.11.

Both parties have directed our attention to the several rules relating to construction and interpretation of statutes. Furthermore since there are no Illinois cases related to the problem at hand, each party has referred to cases from other jurisdictions where the problem has been involved to some extent.

■■  Aviation and aerial navigation by their nature suggest problems involving Federal-State relations. Congress early recognized the need for a Federal policy regarding control of the airspace and provided for a regulatory system. Such regulatory system has not pre-empted the field of aeronautical regulations (*Southwest Aviation Inc. v. Hurd*, Tenn.355 S.W.2d 436) but the paramount Federal authority contemplates that state action may not be inconsistent with Federal standards. To promote consistency at least in the basic statutory authorization, in some states, including Illinois, substantially copied the Federal statutes. In adopting substantially similar statutes the State legislature could well have believed that inconsistency could thus be avoided and the tensions between the dual sovereignties in an area where uniformity was desirable could best be accommodated by relying on the Federal enactment. At first glance the adoption of substantially similar statutory provisions would be an eminently satisfactory method of accomplishing the purpose sought. The laudable purpose has however, as applied to this type of case, tended to

obscure or make more difficult the determination of State legislative intent. ■■ We are unable to agree with plaintiff that the plain meaning of par. 22.11 establishes or creates civil liability in the owner of an airplane for the negligent operation thereof by another. Par. 22.11 quoted above, is one of the definition sections of the Illinois Aeronautics Act as is the provision from which it is copied in the Federal Act. The language of the definition does not in our opinion by its plain meaning, indicate any concern with the civil liability of any party and in particular does not purport to establish some special or different relationship between an airplane owner and a pliot. Liability for acts or conduct of another is neither a new nor novel concept. Language to describe such a well recognized concept is readily available and could have been easily employed if such concept was intended. (*Haskin v. Northeast Airways, Inc.*, Minn. Supreme, 123 N.W.2d 81). We believe that par. 22.11 describes in general terms those parties included within or affected by the other provisions of the Aeronautics Act or the regulations promulgated under the authority thereof. See par. 22.1, ch. 15½, Ill. Rev. Stat. 1965 (the initial Section of the Illinois Aeronautics Act).

■■ No do we believe that the statutory provision can or ought to be given the meaning ascribed by plaintiff because of the general policy of the Act, "to promote safety". The general purpose of an Act of the legislature is appropriately resorted to where specific provisions thereof may have some uncertainty as appiled to the facts. It is still the primary function of the legislature to implement its specific purpose. In the case at bar we find neither any uncertainty in the provisions under consideration nor any support for the assertion that the purpose of the Act will be defeated if liability is not imposed.

Plaintiff argues that its interpretation of par. 22.11 is supported by the weight of authority of cases from other jurisdictions and cites *Hoebee v. Howe*, 97 A.2d 223, *Hayes v. Morgan*, 221 F.2d 481 and *LaMaster v. Snodgrass*, 85 N.W.2d 622, as persuasive on the issue. Such authorities are according to defendant, of little persuasive authority and have been because of inadequate reasoning, distinguished or not followed in the recent cases of *Rosdail v. Western Aviation, Inc.* 297 F. Supp. 681 and *Rogers v. Ray Gardner Flying Service, Inc.* U.S. Court of Appeal, Fifth Circuit, No. 28666, November, 1970.

The three cases cited by plaintiff (*Hoebee, Hayes* and *LaMaster*) each involve states which like Illinois substantially copied the Federal Act including the definition which is the subject of this controversy. There is language in the *Hoebee* and *Hayes* cases indicating that the state enactment of the legislation modified the common law bailment rule. As pointed out in *Rosdail, supra,* an examination of the cases reveals that in each case

application of common law rules justified liability and consequently the admixture of reasoning relating to both common law liability and the meaning of the statute reduced the persuasiveness of the holdings. For example in *Hoebee* the Court concludes that an airplane was a dangerous instrumentaility and in *Hayes* that the owner maintained control and direction of the pilot both of which circumstances would have been a proper basis for liability at common law. *LaMaster v. Snodgrass*, 85 N.W.2d 622 (Iowa), quotes from and applies *Hoebee* and *Hayes* without considering that such conclusions went substantially beyond the facts and necessary principles of the cases. Furthermore each of the three cases assumes to interpret the meaning of the Federal law based on erroneous interpretation of an amendment thereto and without any regard for the basic dual Federal-State problem or the pre-emptive effect of the interpretation so reached.

As observed in *Rogers v. Ray Gardner Flying Serv., Inc., supra* (approving *Rosdail v. Western Aviation, Inc., supra*) no intent can be discerned from the language of the Federal law to deal with the civil liability of an airplane owner as bailor. The court dismisses the authority of the *Hoebee, Hayes* and *LaMaster's* cases and suggests that to the extent that such cases relied on the supposed meaning of the Federal Statute such interpretation was at least by implication erroneous.

■■ Because of the pre-emption it well might be that the certainty in ascertaining legislative intention regarding Federal acts may be different from the same certainty when it is a State statute which is questioned. It is our conviction that such provisions ought to be accorded the same meaning. As is pointed out in the *Rogers* case if civil liability may be imported from the definition then such a rule of liability would be in effect in each of the states contrary to the generally accepted premise that the states were free in this regard to exercise discretion in this area. We are impelled to believe that the Illinois state legislature had no particular intent to deal with civil liability of an owner by adopting the language of the Federal Act. Consequently there is no legislative basis for plaintiff's theory of recovery.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.