IN THE SUPREME COURT OF MISSISSIPPI
NO. 1999-CA-01451-SCT

*ROBERT M. MALONE, INDIVIDUALLY AND AS GUARDIAN, NATURAL PARENT AND NEXT FRIEND OF ROBERT RAY MALONE, MINOR, ANNETTE MICHELLE CLARK MALONE AND ASHLEY CARTER*

*v.*

*CAPITAL CORRECTIONAL RESOURCES, INC., AND JAMES BREWER, INDIVIDUALLY AND d/b/a CORRECTIONAL RESOURCES, INC.*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 8/2/1999 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ANDRE FRANCIS DUCOTE |
| | WAYNE E. FERRELL, JR. |
| ATTORNEYS FOR APPELLEES: | TERRY R. LEVY |
| | GEORGE ELLIS ABDO, III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED AND REMANDED IN PART - 02/28/2002 |
| MOTION FOR REHEARING FILED: | 09/06/2001 |
| MANDATE ISSUED: | 3/21/2002 |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing is granted. The original opinions are withdrawn, and these opinions are substituted therefor.

¶2. Appellants Robert M. Malone, Robert Ray Malone, Annette Michelle Clark Malone and Ashley Carter (hereafter the Malones) filed suit in Hinds County Circuit Court, First Judicial District, seeking $4,900,000 in actual damages and $2,000,000 in punitive damages for personal injuries and other damages resulting from a gear-up landing of a Piper Aztec airplane in which they were passengers. The suit was filed against the pilot, Todd Jones (Jones); the owner of the airplane, Capital Correctional Resources, Inc. (CCRI); and the vice-president and sole stockholder of CCRI, James Brewer (Brewer).

¶3. A motion for summary judgment filed by CCRI and Brewer contended that Jones was solely liable. The

Malones responded to the motion and also filed a cross-motion for summary judgment against Brewer, CCRI and Jones, contending that Brewer and CCRI were liable under the provisions of Miss. Code Ann. §§ 61-1-3 & 61-11-1 (1996) and acknowledging that Jones's negligent acts and/or omissions solely caused the accident. Based on analysis and study of the pleadings, excerpts of depositions, various submissions by both parties and arguments and briefs of counsel, the circuit court found no genuine issue of material fact and granted summary judgment in favor of Brewer and CCRI and denied the Malones' cross-motion.

¶4. Aggrieved by the circuit court's decision, the Malones timely filed their notice of appeal raising the following issues:

> I. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF BREWER AND CCRI?
>
> II. WHETHER THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT IN FAVOR OF THE MALONES?
>
> III. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF BREWER AND CCRI ON THE ISSUE OF PUNITIVE DAMAGES?

## FACTS

¶5. In early November 1995, the Malones asked Jones to fly them from Jackson, Mississippi, to Knoxville, Tennessee, for a football game. The night prior to the game, Jones called Brewer to request permission to borrow the aircraft owned by CCRI, a Texas corporation engaged in the business of managing correctional facilities, for the flight to Tennessee since the plane Jones had planned to use was unavailable. Jones was a licensed pilot who occasionally piloted the airplane for CCRI on a contract basis but who was not employed by CCRI at the time of the flight. Brewer allowed Jones to borrow the aircraft owned by CCRI. The trip was safely made to Knoxville where Jones and the Malones attended the football game, and afterwards Jones flew them back to Jackson.

¶6. Upon the return to Jackson, after being cleared to land at Hawkins field, Jones put the landing gear down in preparation for the landing. The control tower informed Jones that a single-engine plane was to land first, and he was to land after that plane. Jones then raised the landing gear, but when he was cleared to land, he failed to lower the landing gear. Upon impact, the airplane fishtailed, but Jones was able to bring it to a stop. An ambulance was called to the scene, but no one required medical treatment from the paramedics.

## STANDARD OF REVIEW

¶7. This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it--admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. *Aetna Cas. & Sur. Co. v. Berry*, 669 So.2d 56, 70 (Miss. 1996). This Court is governed by the same standard used by the circuit court under Rule 56 (c) of the Mississippi Rules of Civil Procedure. *Cothern v. Vickers, Inc.*, 759 So.2d 1241, 1245 (Miss. 2000); *Brown v. Credit Ctr., Inc.*, 444 So.2d 358, 362 (Miss. 1983). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. *Aetna*, 669 So.2d at 70. If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be granted in the moving

party's favor. *Cothern*, 759 So.2d at 1245; *Brown*, 444 So.2d at 362. The burden of demonstrating that no genuine issue of material fact exists is on the moving party. *Id*. Any doubt as to whether a fact issue exists should be resolved in favor of the non-moving party. The trial court's decision to grant summary judgment will be reversed where triable issues of material fact exist. ***Richmond v. Benchmark Constr. Corp.***, 692 So.2d 60, 61 (Miss. 1997).

## ANALYSIS

### I. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF BREWER AND CCRI?

¶8. This issue can be phrased simply as whether the owner of an aircraft can be held vicariously liable for the negligence of a non-employee pilot who borrows the aircraft for the benefit of his personal friends. The Malones cite two statutes they believe were improperly construed by the trial court and which render Brewer vicariously liable for Jones's negligent acts. First, the Malones note the relevant definitions concerning the operation of an aircraft that are found in Miss. Code Ann. § 61-1-3 (1996):

> For the purposes of the laws of the state relating to aeronautics the following words, terms and phrases shall have the meanings herein given, unless otherwise specifically defined, or unless another intention clearly appears, or the context otherwise requires:
>
> (a)"Aeronautics" means transportation by aircraft; the operation, construction, repair or maintenance of aircraft, aircraft power plants and accessories; the design, establishment, construction extension operation, improvement, repair or maintenance or airports or other navigation facilities and air instruction;
>
> (b)"Aircraft" means any contrivance now known or hereafter invented, used or designed for navigation or flight in the air;
>
> ...
>
> (j)"Operation or aircraft" or "operate aircraft" means the use of aircraft for purpose of air navigation, and includes the navigation or piloting of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of the statutes of this state;
>
> ...

Miss. Code Ann. § 61-1-3 (1996).

¶9. The Malones argue that CCRI and Brewer are liable under the definitions in § 61-1-3 because they authorized the use of the aircraft by Jones. They note the statute merely requires authorization and is silent as to whether the use would have to be within the course and scope of employment.

¶10. Second, the Malones cite Miss. Code Ann. § 61-11-1 which states in relevant part as follows:

> It shall be unlawful for any person to operate an aircraft in the air or on the ground or water, while under the influence of intoxicating liquor, narcotics or other habit-forming drug, or to operate an

aircraft in the air or on the ground or water, in a careless or reckless manner so as to endanger the life or property of another. In any proceeding charging careless or reckless operation of aircraft in violation of this section, the court in determining whether the operation was careless or reckless shall consider the standards for safe operation of aircraft prescribed by federal statutes or regulations governing aeronautics.

Miss. Code Ann. § 61-11-1(1) (1996).

¶11. The Malones argue these statutes have been interpreted by both the Fifth Circuit and this Court as meaning that the owner of an aircraft is also an operator and is vicariously liable for all acts of the pilot, citing *Hays v. Morgan*, 221 F.2d 481 (5th Cir. 1955); *Cannon v. Jones*, 377 So. 2d 1055 (Miss. 1979); and *Brunt v. Chicago Mill & Lumber Co.*, 243 Miss. 607, 139 So. 2d 380 (1962). The circuit court, however, in granting the motion for summary judgment, accepted CCRI's and Brewer's argument that these cases were distinguishable from the instant case.

¶12. We agree with Malones' argument and find accordingly that the circuit court erred in granting summary judgment to Brewer and CCRI. The circuit court determined that the pilot or operator was liable. Pursuant to Miss. Code Ann. § 61-1-3(j) (2000), the owner is also deemed to be engaged in the operation of the plane.[1] Therefore, a genuine issue of material fact exists as to the owner of the plane, and summary judgment should not have been rendered.

¶13. Pursuant to Miss. Code Ann. § 61-1-3(j), any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control of the aircraft, shall be deemed to be engaged in the operation of aircraft. The statute is clear that the owner of a plane will be treated as an operator just like the pilot actually operating the plane. Since the owner also stands as the operator of the plane, then logically if the pilot is found negligent then the owner of the plane will also be determined to be negligent as a co-operator of the plane. In *Hays v. Morgan*, 221 F.2d 481, 482-83 (5th Cir. 1955), the Fifth Circuit stated that, "[t]he liability of the owner is there just as much as if he were the operator of the aircraft; [therefore] [t]he owner who authorizes a pilot to use his plane becomes liable for the negligence of the pilot in the operation of the plane." While *Hays* is a Fifth Circuit case, this Court has followed the interpretation provided by the Fifth Circuit in *Hays. See Cannon v. Jones*, 377 So.2d 1055, 1057 (Miss. 1979); *Brunt v. Chicago Mill & Lumber Co.*, 243 Miss. 607, 618-19, 139 So.2d 380, 386 (1962). Since the owner is deemed the operator under the interpretation of Miss. Code Ann. § 61-1-3(j) provided by *Hays*, a triable issue of fact exists. Therefore, the summary judgment should not have been granted by the trial court.

¶14. Miss. Code Ann. § 61-1-3(j) has not been repealed, and the interpretation provided in *Hays* and adopted by this Court in *Brunt* and *Cannon* has not been overruled. *See Hays*, 221 F.2d at 482-83; *Cannon*, 377 So.2d at 1057. Therefore, we apply the *Hays* and *Cannon* interpretation of the predecessor of Miss. Code Ann. § 61-1-3(j) and reverse the summary judgment. Since the Legislature based the statutory language on *Hays* and *Brunt*, it is the Legislature's place to redefine Miss. Code Ann. § 61-1-3(j) if the meaning of the statute has changed. We hereby reverse the decision of the trial court granting summary judgment as to the owner of the plane and remand this matter for trial.

## II. WHETHER THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT IN FAVOR OF THE MALONES?

¶15. Much of the discussion concerning the first issue applies to this issue as well. The same principles

apply. The Malones cite cases from other jurisdictions, which interpret statutes that are essentially the same as the disputed Mississippi statutes, in support of their argument that the circuit court should have granted summary judgment in favor of the Malones. Their authority is found in two Iowa cases, one New Hampshire case and one Indiana case. In 1957, the Supreme Court of Iowa imposed vicarious liability on the owner of an aircraft for the negligent conduct of those whom he allowed use of the aircraft. *Lamasters v. Snodgrass*, 85 N.W.2d 622, 625-26 (Iowa 1957). This holding was reaffirmed as recently as 1995 by the Iowa Supreme Court in *Estate of Dean v. Air Exec., Inc.*, 534 N.W.2d 103, 104 (Iowa 1995) (although the key issue in *Dean* was the question of whether co-employee immunity should be extended to the airplane's owner when the negligence of the pilot who had rented the plane caused the death of the pilot's co-employee).

¶16. Similarly, the Supreme Court of New Hampshire interpreted that state's statute to "place responsibility on the owner, even though he would be without control, for the conduct of one to whom he entrusts the plane."*Hoebee v. Howe*, 97 A.2d 223 (N.H. 1953). The Malones also cite *Allegheny Airlines, Inc. v. United States*, 504 F.2d 104 (7th Cir. 1974), where the Seventh Circuit applied the Indiana statutes and held the owner of an aircraft responsible for the negligent conduct of an individual to whom he granted use. *Id*. at 114.

¶17. CCRI and Brewer argue that these are older cases and do not reflect the modern trend against holding the owners vicariously liable. They note the analysis of these older cases contained in *Brown v. Astron Enters., Inc.*, 989 F. Supp. 1399 (N.D. Ala. 1997). In *Astron*, the federal district court refused to hold the owner of an aircraft vicariously liable for the negligence of a student pilot who rented the plane and crashed into a house in Alabama causing considerable damage. *Id*. at 1401. The court in *Astron* discussed and rejected a series of older cases including *Hoebee v. Howe*, 97 A.2d 223, 223-26 (N.H. 1953); *Hays v. Morgan*, 221 F.2d 481, 482-83 (5th Cir. 1955); *Lamasters v. Snodgrass*, 85 N.W.2d 622, 625 (Iowa 1957); *Allegheny Airlines, Inc. v. United States*, 504 F.2d 104, 114-15 (7th Cir. 1974); and *Ross v. Apple*, 241 N.E.2d 872 (Ind. Ct. App.1968), noting the following:

> All these early cases were decided during a period when operation of an aircraft was considered ultra-hazardous activity, a view that no longer exists. (citations omitted). According to the common law relating to ultra-hazardous activities, existing at the time, an owner was liable for a bailee's negligence. Restatement Torts § 520, comment b, clause a (1938). Consequently, these early decisions did not stretch the language of an unrelated state statue to alter the common law; rather they held that the statute was consistent with the common law at that time.

989 F. Supp. at 1407-08.

¶18. Prior to *Astron*, Alabama courts had not addressed this issue. Thus, the federal district court attempted to determine how an Alabama court would rule. The court noted three more recent cases it concluded represented a modern trend on this issue. First, the court in *Astron* noted the decision of the Montana Supreme Court in *Haker v. Southwestern Ry.*, 578 P.2d 724, 728 (Mont. 1978). The pilot was negligent, but no liability attached to the corporate owner of the airplane because the pilot was acting outside the scope of his employment. *Id*. at 729.

¶19. Next, the court in *Astron* discussed the refusal of an appellate court in Illinois to impute liability to the owner of a plane for the negligence of the pilot who rented the plane. *Ferrari v. Byerly Aviation, Inc.*, 268 N.E.2d 558, 559-60 (Ill. App. Ct. 1971). The Illinois court concluded that "authoriz[ing]" use did not

impose liability on the bailor for the negligent operation of a bailee. *Id*. Finally, the *Astron* court also noted a federal district court in North Carolina which based its decision on the modern trend reflected in *Haker* and *Ferrari* and held that its state's statute did not impute liability to the bailor of an aircraft for actions of its bailee. *Broadway v. Webb*, 462 F. Supp. 429 (W.D.N.C. 1977).

¶20. *Astron* also noted the similarity of these state statutes to the Federal Aviation Act of 1958, 49 U.S.C. § 1301(26), and that the "federal statute has never been interpreted to create a private cause of action against absent owners of aircraft." *Astron*, 989 F. Supp. at 1408. (citations omitted). The court also noted "the Fifth Circuit refused to apply its own 1955 ruling in Hays . . . to the similar federal statute." *Id.* (citing *Rogers v. Ray Gardner Flying Serv., Inc.*, 435 F.2d 1389, 1391-95 (5th Cir. 1970)).

¶21. Here, the key distinction between *Astron* and our case at hand is that *Astron* is a federal district court case out of the Eleventh Circuit. *Astron* does not overrule the Fifth Circuit decision in *Hays* which has been followed by this Court. *See Cannon*, 377 So.2d at 1057; *Brunt*, 243 Miss. at 618-19, 139 So.2d at 386. The Legislature adopted the decision announced in *Hays* in drafting Miss. Code Ann. § 61-1-3. Therefore, following the same rationale in Issue I, we find that the lower court erred in determining that the owner of the plane was not liable.

### III. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF JAMES BREWER AND CCRI ON THE ISSUE OF PUNITIVE DAMAGES?

¶22. The Malones seek punitive damages from CCRI and Brewer in the total amount of $2,000,000. The standard for punitive damages is set by statute as follows:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant, against whom punitive damages are sought, acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code Ann. § 11-1-65(1)(a) (Supp. 2001).

¶23. The alleged wrong must be willful, malicious, or reckless. Punitive damages are only appropriate in the most egregious cases so as to discourage similar conduct and should only be awarded in cases where the actions are extreme. *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (Miss. 1999) (citing *Wirtz v. Switzer*, 586 So. 2d 775, 783 (Miss. 1991)). Clearly, the negligence involved in Jones's failure to lower the landing gear does not rise to the level required under Mississippi law to justify the imposition of punitive damages. We find that punitive damages are not appropriate under the factual circumstances of this case. Therefore, the issue is without merit.

<u>CONCLUSION</u>

¶24. For these reasons, the judgment of the Hinds County Circuit Court is affirmed to the extent that it granted summary judgment dismissing the Malones' punitive damages claim. In all other respects, the judgment is reversed, and this case is remanded for a trial.

¶25. **AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

**PITTMAN, C.J., WALLER AND GRAVES, JJ., CONCUR. CARLSON, J., CONCURS IN RESULT ONLY. McRAE, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J. SMITH, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY COBB, J.**

**McRAE, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶26. I concur with the majority as to issues I and II. However, I dissent as to issue III. The trial court erred in granting summary judgment in favor of Brewer and CCRI on the issue of punitive damages. Whether the owner is vicariously liable for punitive damages is an issue for which the facts should be developed at trial. Therefore, it is premature for this Court to decide here. The trial court should first decide whether under the totality of the circumstances, in viewing the defendants' conduct in the aggregate, a reasonable hypothetical trier of fact could find either reckless disregard, malice, or gross neglect. *See Peoples Bank & Trust Co. v. Cermack*, 658 So. 2d 1352,1362 (Miss. 1995)(quoting *Colonial Mortg. Co. v. Lee,* 525 So. 2d 804, 808 (Miss. 1988)). Under the facts as presented in this case, this an issue that should be presented to a jury. It is certainly not one that should be dismissed on summary judgment. Accordingly, I dissent as to issue III.

**DIAZ, J., JOINS THIS OPINION.**

**SMITH, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶27. The majority concludes that Miss. Code Ann. § 61-1-3 (1996) mandates that the owner of the aircraft, deemed the operator, is vicariously liable for all acts of the pilot. In my view, the majority errs in finding that this Court, in *Brunt v. Chicago Mill & Lumber Co.*, 243 Miss. 607, 139 So. 2d 380 (1962) and *Cannon v. Jones*, 377 So. 2d 1055 (Miss. 1979), adopted the interpretation of Miss. Code Ann. § 61-1-3(j) (1996) provided in *Hays v. Morgan*, 221 F.2d 481 (5th Cir. 1955).

¶28. The issue before this Court in *Cannon* was whether the negligence of the pilot was established by uncontradicted evidence, not whether the owner of the aircraft, in whose employment the pilot was unquestionably acting, was liable pursuant to § 61-1-3-(j). The appellant in *Cannon* relied on *Hays* because in *Hays*, a crop dusting pilot struck and injured a flagman in much the same fashion as the pilot in *Cannon*, and, in *Hays*, the jury determined the aircraft to have been negligently operated. *Cannon*, 377 So. 2d at 1057. *Cannon* refused to find *Hays* applicable to the facts of that case. *Id.*

¶29. Likewise, the issue in *Brunt* was whether there was sufficient proof of negligence and causation to sustain the jury's verdict for the plaintiff. *Brunt*, 139 So. 2d at 381. Not only was the pilot of the airplane clearly acting within the course of his employment with Chicago Mill and Lumber Company, a forester for the lumber company was a passenger on the airplane and directed the pilot to do the very act that caused the damage to the plaintiff. *Id.* at 382. Though *Brunt* quoted *Hays*, it is clear from the opinion itself that the Court relied on the existing agency relationship in its holding, particularly the fact that the owner caused the pilot to operate the airplane in a negligent manner. *Brunt*, 139 So. 2d at 385-86.

¶30. This Court has never encountered the precise issue raised by the case sub judice, to wit, whether the

owner of an aircraft can be held vicariously liable for the negligence of a non-employee pilot who borrows the aircraft for his personal benefit, and, therefore, has never interpreted § 61-1-3(j) as does today's majority opinion. The majority erroneously utilizes the rule of reenactment in applying the *Hays* interpretation of § 61-1-3(j). *Hays* is the opinion of a federal court interpreting state law. We have consistently stated, "In accord with familiar rules of construction, the legislature by reenactment of a statute *which has been construed by the highest court of a state*, adopts the construction placed upon the statute by the Court." *Garrett v. Mississippi State Highway Comm'n*, 227 So. 2d 856, 857 (Miss. 1969) (citing *White v. Williams*, 159 Miss. 732, 132 So. 573 (1931)). In *Choctaw, Inc. v. Wichner*, 521 So. 2d 878, 880 (Miss. 1988), we said, "[U]nder the general rules of statutory construction the construction placed upon the statute by *this Court*, which was later readopted, in effect becomes part of the legislation." We stated in *Crosby v. Alton Ochsner Med. Found.*, 276 So. 2d 661, 670 (Miss.1973), "[t]he construction that we have placed on the ... statute has in effect been approved by the legislature.... [A] decision of *this Court* interpreting the statutes becomes in effect a part of the statute."(emphasis added). *This Court* has never adopted the construction urged by today's majority. Hence, the rule of reenactment is not applicable. *Hays*, a federal opinion interpreting state law, is not binding on the courts of this state. Neither should we consider it binding evidence of the intent of our Legislature.

¶31. Furthermore, it is important to note that, subsequent to *Hays*, the federal courts moved away from the *Hays* holding. In fact, the Fifth Circuit refused to extend *Hays* in *Rogers v. Ray Gardner Flying Serv., Inc.*, 435 F.2d 1389, 1394 (5th Cir. 1970), construing 49 U.S.C. § 40102 (32) on which § 61-1-3(j) is patterned, concluding it was not Congress's intention to expand tort liability. Section 61-1-3(j) should not be construed to expand tort liability further than the federal courts have done with virtually identical statutory language.

¶32. The modern trend against holding absent owners vicariously liable is thoroughly analyzed in *Brown v. Astron Enters., Inc.*, 989 F. Supp. 1399 (N.D. Ala. 1997) (rejecting *Allegheny Airlines, Inc. v. United States*, 504 F.2d 104, 114-15 (7th Cir. 1974); *Hays v. Morgan*, 221 F.2d 481, 482-83 (5th Cir. 1955); *Lamasters v. Snodgrass*, 85 N.W.2d 622, 625 (Iowa 1957); *Hoebee v. Howe*, 97 A.2d 223, 223-26 (N.H. 1953); and *Ross v. Apple*, 241 N.E.2d 872 (Ind. Ct. App. 1968)). *See also Sanz v. Renton Aviation, Inc.*, 511 F.2d 1027, 1029 (9th Cir. 1975) (holding such statutes were "merely intended to subject owners equally with pilot to the rules, regulations, and penalties provided in the Act, and not to make them civilly responsible for pilot lessee negligence"); *Rosdail v. Western Aviation, Inc.*, 297 F. Supp. 681, 684-85 (D. Colo. 1969) (same). In my view, the modern trend reflects the better interpretation of statutes such as § 61-1-3(j). The circuit court did not err in its grant of summary judgment and its denial of the cross-motion for summary judgment. I would affirm the judgment of the circuit court.

**COBB, J., JOINS THIS OPINION.**

1. Miss. Code Ann. § 61-1-3(j) (1995) has the same language stated in Miss. Code Ann. § 61-1-3(j ) (2000).