# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-00742-SCT

*CYNDY HOWARTH, INDIVIDUALLY, WIFE,
WRONGFUL DEATH BENEFICIARY, AND AS
EXECUTRIX OF THE ESTATE OF RICHARD
HOWARTH, JR., DECEASED, JULIET HOWARTH
McDONALD, INDIVIDUALLY, DAUGHTER, AND
AS WRONGFUL DEATH BENEFICIARY OF
RICHARD HOWARTH, JR., DECEASED, AND
CYNDY HOWARTH, AS GUARDIAN, NATURAL
MOTHER AND NEXT FRIEND OF CYNTHIA
HOWARTH, A MINOR AND WRONGFUL DEATH
BENEFICIARY OF RICHARD HOWARTH, JR.,
DECEASED*

*v.*

*M & H VENTURES, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/11/2016 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| TRIAL COURT ATTORNEYS: | RICHARD L. KIMMEL |
| | WILLIAM WYATT SIMMONS |
| | RONNIE L. WALTON |
| | WAYNE E. FERRELL, JR. |
| | RICHARD BENJAMIN McMURTRAY |
| | GLENN F. BECKHAM |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WAYNE E. FERRELL, JR. |
| | BRADLEY S. CLANTON |
| | WILLIAM WYATT SIMMONS |
| ATTORNEYS FOR APPELLEE: | GLENN F. BECKHAM |
| | RICHARD L. KIMMEL |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 11/02/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., KITCHENS, P.J., AND BEAM, J.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Richard H. Howarth, Jr., died in an airplane crash on January 16, 2012. Howarth was piloting the plane, which was the property of M&H Ventures, LLC ("M&H Ventures" or "the LLC"). The sole member of M&H Ventures was Howarth. On December 6, 2013, Howarth's widow, Cyndy Howarth, as executrix of Howarth's estate, wrongful death beneficiary of Howarth, and next friend of minor daughter Cynthia Howarth, along with adult daughter Juliet Howarth McDonald (the wrongful death beneficiaries), filed suit against the LLC in the Circuit Court of Neshoba County, alleging that Howarth's death had been caused by the negligence, gross negligence, and recklessness of M&H Ventures and others.

¶2. M&H Ventures filed a motion to dismiss, and, subsequently, a motion for summary judgment, arguing that the wrongful death beneficiaries could not recover because the success of their claims depended on proving that Howarth's own negligence had caused his death. In response, the wrongful death beneficiaries argued that, because M&H Ventures, an LLC, had owned the aircraft and all of Howarth's negligent actions had been performed as a member of this LLC, they could recover from M&H Ventures for Howarth's negligence. The trial court granted summary judgment in favor of M&H Ventures. Because the comparative negligence statute, Mississippi Code Section 11-7-15, prevents a plaintiff from recovering for negligence attributable to the injured person, and here Howarth's wrongful death beneficiaries were seeking recovery for Howarth's own negligence, we affirm.

2

## FACTS

¶3.　On January 16, 2012, Howarth was taking off from the Philadelphia Municipal Airport in Philadelphia, Mississippi, when his airplane crashed, causing his death. Howarth was the sole occupant of the plane. Approximately six years before the crash, Howarth had created M&H Ventures, a Montana limited liability company. According to M&H Ventures' Operating Agreement, the LLC's purpose was investment in real and personal property. The Operating Agreement provided that the "Member (Owner)" of M&H Ventures was Howarth. In October 2011, M&H Ventures purchased the plane that later was involved in the crash.

¶4.　The wrongful death beneficiaries sued M&H Ventures; Tracey Easom, an airplane mechanic; Ted Smith Aerostar Aircraft Corporation, the manufacturer of the airplane; and fictitious defendants A-M. The trial court granted the wrongful death beneficiaries' request to file an amended complaint on January 14, 2015, substituting Aerostar Aircraft Corporation, Piper Aircraft Corporation, Piper Aircraft Corporation Irrevocable Trust, New Piper Aircraft, Inc., and Piper Aircraft, Inc. for fictitious defendants A through E. The plaintiffs alleged that the plane piloted by Howarth had experienced a loss in directional control on takeoff that had resulted in the deadly crash. While the plaintiffs' claims in the complaint were somewhat repetitive, their basic allegations were that the defendants had been negligent, grossly negligent, and reckless in the maintenance, repair, and inspection of the aircraft, fuel system, fuel selector switches, exhaust system, and their component parts. They alleged that M&H Ventures and Easom negligently and recklessly had performed engine modifications, repairs, maintenance, and inspection, and also that they had certified,

3

serviced, repaired, tested, inspected, overhauled, rebuilt, owned, and operated the plane and its parts. Further, they alleged that M&H Ventures and Easom falsely had certified in engine logs that the plane was airworthy and not unreasonably dangerous. They also made claims of defective condition and failure to warn against the manufacturers. The plaintiffs alleged that "[o]n the occasion in question the negligence of the Defendants, M&H Ventures, Tracey Easom, and Aircraft Manufacturer[s], was the proximate cause of the accident in question . . . ."

¶5.     M&H Ventures' defense was provided pursuant to the terms of a liability insurance policy from which the wrongful death beneficiaries sought to collect in this lawsuit.[1] M&H Ventures filed a motion to dismiss on grounds including failure to state a claim, followed by a motion for summary judgment. The wrongful death beneficiaries responded and requested a continuance to allow them to obtain discovery under Mississippi Rule of Civil Procedure 56(f). The trial court denied the motion for a continuance and granted summary judgment to M&H Ventures. The trial court found that, under the comparative negligence statute, Mississippi Code Section 11-7-15, the wrongful death beneficiaries could not recover for the negligence of M&H Ventures, because M&H Ventures only could have acted through its sole member, Howarth, and a wrongful death beneficiary cannot recover for the decedent's own negligence. The trial court further denied the wrongful death beneficiaries' request for a continuance for further discovery because there was no possibility of unearthing any

---

[1] At the hearing on the motion to dismiss, M&H Ventures asserted that the liability policy's purpose was to protect M&H Ventures and Howarth from liability to third persons incurred during aeronautical activities.

4

evidence that would have created a genuine issue of material fact. Finding that there was no just reason for delay, the trial court directed the entry of a final judgment as to M&H Ventures pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure.

**DISCUSSION**

I. WHETHER THE TRIAL COURT ERRED BY FINDING THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AND M&H VENTURES WAS ENTITLED TO A JUDGMENT AS A MATTER OF LAW.

*A. Standard of Review*

¶6. The moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). The movant has the burden to show that no genuine issue of material fact exists. ***Price v. Purdue Pharma Co.***, 920 So. 2d 479, 483 (Miss. 2006). In determining whether the movant is entitled to summary judgment, the trial court must view all of the evidence in the light most favorable to the nonmoving party. ***Id.*** This Court applies *de novo* review to the trial court's ruling on summary judgment. ***Ready v. RWI Transp.***, ***LLC***, 203 So. 3d 590, 593 (Miss. 2016).

*B. Because the wrongful death beneficiaries' claims depended on their proving Howarth was negligent, no genuine issue of material fact exists.*

¶7. It was undisputed that Howarth was the sole member of M&H Ventures, and that M&H Ventures had no employees.[2] Thus, as the trial court found, all of the allegations of

---

[2] The wrongful death beneficiaries admitted in their summary judgment response that M&H had no employees; at the summary judgment hearing, they admitted that Easom, the airplane's mechanic, probably was an independent contractor.

5

negligence made by the wrongful death beneficiaries against M&H Ventures necessarily rested upon the actions or inactions of Howarth himself. The comparative negligence statute, Mississippi Code Section 11-7-15, provides:

> In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but *damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured*, or the owner of the property, or the person having control over the property.

Miss. Code Ann. § 11-7-15 (Rev. 2004) (emphasis added). The trial court found that, because Howarth was the sole member of M&H Ventures, the LLC could act or fail to act only through him. Therefore, the trial court found, the assertions in the amended complaint of negligence by M&H Ventures could only be the negligence of Howarth. Because, under Section 11-7-15, damages are reduced in proportion to the decedent's own negligence, the wrongful death beneficiaries' damages for Howarth's negligence would have to be reduced to nothing. Therefore, the trial court found that the wrongful death beneficiaries had failed to show a genuine issue of material fact for trial.

¶8.     On appeal, the wrongful death beneficiaries argue that genuine issues of material fact exist on whether Howarth was totally responsible for his own death.  First, they argue that the trial court's holding essentially pierced the veil of M&H Ventures by focusing on the acts of Howarth rather than on the acts of the LLC. An LLC member cannot be individually liable for the LLC's debts solely by virtue of his being a member. However, under extraordinary circumstances a court may "pierce the corporate veil" and disregard limited liability when

6

certain facts are proven. *Restaurant of Hattiesburg, LLC v. Hotel & Restaurant Supply, Inc.*, 84 So. 3d 32, 39 (Miss. Ct. App. 2012) (applying to LLCs the three-prong test for piercing the corporate veil, established in *Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989)). The wrongful death beneficiaries do not seek to shield Howarth from individual liability for the debts of M&H Ventures. Thus, whether to pierce M&H Ventures' corporate veil is not at issue. Rather, the wrongful death beneficiaries seek to impose liability upon M&H Ventures based upon Howarth's negligent acts. And that endeavor implicates Section 11-7-15, which must reduce the wrongful death beneficiaries' damages by the amount attributable to Howarth's negligence. The wrongful death beneficiaries cannot use a piercing-the-veil argument to evade the application of Section 11-7-15.

¶9.     Second, they aver that, under *Malone v. Capital Correctional Resources, Inc.*, 808 So. 2d 963 (Miss. 2002), the corporate owner of an aircraft shares responsibility for negligence of the pilot. In *Malone*, an airplane's pilot negligently failed to lower the landing gear after the plane was cleared to land. *Id.* at 964. The injured passengers sued both the plane's pilot and its corporate owner. The owner's only involvement with the crash was having lent the plane to the pilot to transport the passengers to a football game. *Id.* The trial court granted the owner's motion for summary judgment. *Id.*

¶10.    In determining whether the owner could be held liable, this Court reviewed two Mississippi statutes governing the operation of aircraft, Mississippi Code Section 61-1-3(j) and Section 61-11-1(1). *Id.* at 965-66. Section 61-1-3(j) provides that:

(j) "Operation of aircraft" or "operate aircraft" means the use of aircraft for the purpose of air navigation, and includes the navigation or piloting of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of the statutes of this state . . . .

Miss. Code Ann. § 61-1-3(j) (Rev. 2013). "Person" is defined as "any individual, firm, partnership, corporation, company, association, joint stock association, or body politic, and includes any trustee, receiver, assignee or other similar representative thereof." Miss. Code Ann. § 61-1-3(k) (Rev. 2013). Section 61-11-1(1) provides that:

It shall be unlawful for any person to operate an aircraft in the air or on the ground or water, while under the influence of intoxicating liquor, narcotics or other habit-forming drug, or to operate an aircraft in the air or on the ground or water, in a careless or reckless manner so as to endanger the life or property of another. In any proceeding charging careless or reckless operation of aircraft in violation of this section, the court in determining whether the operation was careless or reckless shall consider the standards for safe operation of aircraft prescribed by federal statutes or regulations governing aeronautics.

Miss. Code Ann. § 61-11-1(1) (Rev. 2013).

¶11. The Court in *Malone* interpreted these statutes to mean that the owner of an aircraft is also an operator and is vicariously liable for all acts of the pilot. *Malone*, 808 So. 2d at 966. The Court recognized that, under Section 61-1-3(j), "the owner of a plane will be treated as an operator just like the pilot actually operating the plane." *Id.* at 966. The Court held that, if an airplane owner authorizes a pilot to use the plane, the owner is vicariously liable for the pilot's negligence in operating the plane. *Id.* Because the passengers had presented evidence that the corporate owner had authorized the negligent pilot to use the plane, the Court found

genuine issues of material fact existed as to the owner's liability and reversed the grant of summary judgment. *Id.* at 966-67.

¶12.    The wrongful death beneficiaries argue that, under *Malone*, Howarth could not be deemed totally responsible for his own death. They contend that the import of *Malone* is that acts of negligence by the pilot, Howarth, mean that M&H Ventures, the airplane's owner, also was negligent. Because this argument confuses the distinct concepts of negligence and liability, we disagree. *Malone* did not hold that the pilot's negligence establishes that the airplane owner committed negligent acts or omissions. Rather, *Malone* established that an airplane owner is vicariously liable for the pilot's negligent acts or omissions, meaning that an airplane owner can be held legally responsible to pay damages for negligent acts or omissions committed  by the pilot. *Malone* does not stand for the proposition that, when an airplane's pilot is negligent, the airplane's owner also has committed acts of negligence.[3]

¶13.    In this case, the wrongful death beneficiaries seek to recover from M&H Ventures based on the negligent acts or omissions of the pilot, Howarth. But because Howarth was the sole member of M&H Ventures and it had no employees, M&H Ventures could act or fail to act only through Howarth. Under Section 11-7-15, damages must be reduced in proportion to the negligence of the person injured. Miss. Code Ann. § 11-7-15 (Rev. 2004). We note

_____

[3] We recognize that in *Malone*, the Court said that "[s]ince the owner also stands as the operator of the plane, then logically if the pilot is found negligent then the owner of the plane *will also be determined to be negligent* as a co-operator of the plane." *Malone*, 808 So. 2d at 966 (emphasis added). As discussed below, *Malone* clearly held that Section 61-1-3(j) makes an airplane owner vicariously liable for pilot negligence. *Id.* at 966. We do not read *Malone* to mean that pilot negligence automatically means that the owner also has committed negligent acts, a conclusion that would be nonsensical. Rather, *Malone* signifies that the aircraft owner is vicariously liable for negligence of the pilot.

9

that, if Howarth had survived the crash, he would have been unable to recover from M&H Ventures for his own negligence. Howarth's wrongful death beneficiaries stand in his shoes and also cannot recover for his negligence. Because M&H Ventures could act only through Howarth, and the wrongful death beneficiaries are barred from recovering for Howarth's negligence, the trial court properly granted summary judgment to M&H Ventures.

¶14. Another issue requires brief mention. In its order granting M&H Ventures' motion for summary judgment, the trial court found that, due to the operation of the comparative negligence statute, the wrongful death beneficiaries would be unable to prevail against M&H Ventures whether or not the LLC had been dissolved upon Howarth's death. But the trial court also examined the question of whether, upon Howarth's death, M&H Ventures had dissolved or had become the property of the estate. Noting the presence of a conflict in the operating agreement concerning the fate of M&H Ventures upon Howarth's death, the trial court made alternative findings that the wrongful death beneficiaries could not recover from M&H Ventures (1) if M&H Ventures had been dissolved upon Howarth's death, due to the comparative negligence statute, or (2) if M&H Ventures had become the property of the estate upon Howarth's death, because a party cannot sue itself. On appeal, the wrongful death beneficiaries devote a substantial portion of their brief to arguing that they were able recover from M&H Ventures regardless of whether the LLC had been dissolved. Because our holding that there is no genuine issue of material fact due to the application of the comparative negligence statute obviates the question of whether the estate owns the LLC or whether it, in fact, dissolved upon Howarth's death, we provide no analysis of this issue.

II. WHETHER THE TRIAL COURT ERRED BY DENYING THE WRONGFUL DEATH BENEFICIARIES' REQUEST FOR DISCOVERY UNDER MISSISSIPPI RULE OF CIVIL PROCEDURE 56(f).

¶15.    The wrongful death beneficiaries moved for a continuance to obtain discovery for the purpose of opposing M&H Ventures' motion for summary judgment. The trial court denied the motion. Mississippi Rule of Civil Procedure 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

M.R.C.P. 56(f). When a party requests a continuance under Rule 56(f) to obtain additional discovery, the party "must present specific facts why he cannot oppose the motion and must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Stanley v. Scott Petroleum Corp.*, 184 So. 3d 940, 942 (Miss. 2016) (quoting *Prescott v. Leaf River Forest Prods., Inc.*, 740 So. 2d 301, 308 (Miss. 1999)). This Court reviews the trial court's denial of a Rule 56(f) motion for abuse of discretion. *Stanley*, 184 So. 3d at 942.

¶16.    The wrongful death beneficiaries argue that further discovery was necessary for them to oppose summary judgment and that the trial court should have ordered a continuance under Rule 56(f). They contend that, when M&H Ventures filed its motion to dismiss, it had made a mere special appearance for the purposes of determining jurisdiction, and it had not submitted to the jurisdiction of the court. M&H Ventures eventually submitted to the trial

court's jurisdiction by filing an answer, but then it filed the motion for summary judgment seven days later. The wrongful death beneficiaries filed a summary judgment response in which they responded to the arguments in the motion, but also argued that seven days had been insufficient time for them to conduct discovery to craft an effective response. However, in their response, they did admit that M&H Ventures had no employees and that it could have acted or failed to act only through Howarth.

¶17.    The trial court denied the motion on the basis that further discovery would have availed nothing to the wrongful death beneficiaries. They asserted that they requested discovery to show the history of M&H Ventures' ownership and maintenance of the airplane and to investigate the relationship between M&H Ventures and Easom. The trial court found that the discovery the wrongful death beneficiaries wished to conduct would not have assisted them in resisting summary judgment. The trial court found that, regarding the history of M&H Ventures and the airplane, Cyndy Howarth, as the executrix of the estate, had access to all records of M&H Ventures' existence as an LLC. Because M&H Ventures could have acted only through Richard Howarth, the trial court found that maintenance records would not have assisted the wrongful death beneficiaries. As for the relationship between M&H Ventures and Easom, the trial court found that, because the wrongful death beneficiaries had admitted that the LLC had no employees and that it could have acted or failed to act only through Richard Howarth, any discoverable evidence showing Easom had been negligent in the maintenance of the aircraft would not have supported the case against M&H Ventures.

¶18.    M&H Ventures argues that, because the wrongful death beneficiaries failed to submit affidavits stating why they could not present facts to oppose summary judgment, the trial court properly denied a continuance. But as the wrongful death beneficiaries argue, this Court has held that "[n]either written requests nor affidavits are required" to obtain relief under Rule 56(f). *Id.* The wrongful death beneficiaries sufficiently explained their discovery needs to the trial court at the summary judgment hearing.

¶19.    Nonetheless, the trial court's denial of the motion for a continuance to obtain further discovery was not an abuse of discretion. On appeal, the wrongful death beneficiaries provide no argument explaining why the trial court's reasoning was incorrect. The wrongful death beneficiaries admitted that M&H Ventures only could have acted or failed to act through Richard Howarth, and they point to no additional evidence they could have discovered that could have assisted them in pursuing their claim against M&H Ventures. Therefore, we hold that the trial court's denial of the Rule 56(f) motion for a continuance was not an abuse of discretion.

**CONCLUSION**

¶20.    Because the comparative negligence statute, Mississippi Code Section 11-7-15, prevents a plaintiff from recovering for the negligence of the injured person, and here the wrongful death beneficiaries seek to recover for Howarth's own negligence, this Court affirms the grant of summary judgment in favor of M&H Ventures. We also affirm the trial

13

court's denial of the wrongful death beneficiaries' motion to obtain further discovery under

Rule 56(f).

¶21.    **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**